## (November 27, 1974)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH ROBIN HOOD, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 10, 1974, upon a verdict convicting the defendant of the crime of criminal sale of a controlled substance in the third degree. Defendant was convicted of criminal sale of a dangerous drug in the third degree following a jury trial in which an undercover State Police Investigator, James Werthmuller, testified that he had purchased heroin from defendant in the presence of one Daniel Jerome "Cisco" Powell. Although Powell did not testify, Werthmuller related that he had been initially introduced to defendant by him. Three issues are raised on this appeal. It is the contention of defendant that the trial court erred in refusing his requested charge to the effect that the jury could draw an unfavorable inference from the failure of the prosecutor to call Powell as a witness. The record reveals that the defense was aware of Powell's identity prior to the time of trial (cf. *People* v. *Goggins*, 34 N Y 2d 163) and commented on the prosecution's failure to produce him as a witness on summation, but is devoid of any indication that his absence at trial was caused by the prosecution or prejudicial to the defendant (cf. *People* v. *Stridiron*, 33 N Y 2d 287; *People* v. *Vaughn*, 35 A D 2d 889). Secondly, it is argued that the trial court improperly denied defendant's request to charge the jury on the affirmative defense of entrapment. We agree with the trial court to the extent that there was insufficient proof adduced to warrant such an instruction (*People* v. *Granger*, 23 N Y 2d 689. See, *People* v. *Laietta*, 30 N Y 2d 68, 73). Finally, defendant attacks the constitutionality of the sentencing statutes pertaining to his conviction, claiming that they constitute cruel and unusual punishment, abridge his supposed right to plea bargain, and impermissibly infringe on the rightful powers of the District Attorney and sentencing court. We disagree with these propositions (*People* v. *Venable*, 46 A D 2d 73). Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.