## (April 15, 1975)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD A. STOLOFF, on Behalf of MICHAEL SMITH, Petitioner, v JOSEPH WASSER, as Sheriff of Sullivan County, Respondent.—Application, pursuant to CPLR 7002 (subd [b], par 2), for writ of habeas corpus denied for legal insufficiency (CPL 180.70, subd 1; 70.10, subd 2; cf. *People v Jackson,* 69 Misc 2d 793, 799–800). In addition, the court notes that the same contentions were made in a prior application for habeas corpus relief which was denied by the Sullivan County Court (see CPLR 7003, subd [b]). Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

## (April 17, 1975)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ROBIN HOOD, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 10, 1974, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. We have previously considered the instant judgment of conviction and decided that affirmance was indicated *(People v Hood,* 46 AD2d 837). However, before an order was entered thereon, we granted defendant's motion and ordered reargument of this appeal to consider points raised in a supplemental brief filed on his behalf (CPL 470.50). We have carefully examined each of the matters raised therein, as well as those contained in defendant's *pro se* brief, and find no reason to disturb our prior determination. Defendant's argument that an examining technician lacked the proper qualifications to testify as an expert and express his opinion that the questioned substance contained heroin is without merit. The failure to demonstrate that this witness possessed a license as supposedly required by section 3324 of the Public Health Law is of no importance since the regulatory scheme therein set forth does not purport to govern the *competency* of licensees to analyze controlled substances. In any event, public officers and their employees are exempt from application of that statute (Public Health Law, § 3305, subd 1) and the witness' description of his educational background, work experience and testing procedures adequately supplied the proper foundation for his expert opinion. Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.