■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 6, 1989, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant argues that the evidence adduced at trial was legally insufficient to support his conviction. Specifically, the defendant claims that the People failed to prove the weight or identity of the substance recovered in this case because the People never established the accuracy of the instruments and materials used to analyze the evidence. We disagree.

The defendant's legal sufficiency argument is unpreserved for appellate review as a matter of law since the defendant did not raise this argument in his motions to dismiss at trial (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. During trial, a police chemist testified that, after conducting a series of tests on the recovered substance, he determined that the substance contained cocaine. The police chemist also testified that the substance weighed more than one-half ounce, as required by statute. In addition, the police chemist stated that the instruments he used in his analysis were tested for their accuracy on a weekly basis and that the instruments had been tested on the morn-

ing of his analysis. As such, we find that the People proved the elements of the crime charged beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.