OPINION OF THE COURT
Karen S. Burstein, J.
Respondent moves to dismiss this petition as jurisdictionally *500 defective, under the authority of Matter of Jahron S. (79 NY2d 632 [1992]) and Matter of Rodney J. (194 AD2d 342 [1st Dept 1993]). Presentment agency has charged the respondent herein with acts violating Penal Law §§ 265.01, 265.02, 265.03, and 265.05, governing criminal and unlawful possession of a weapon. In support of its allegations, petitioner attaches a verified deposition by the arresting officer, detailing his recovery of a "loaded .25 cal. defaced Lorcin firearm”, as well as a lab report reciting that the gun and ammunition are operable.
The lab report contains, a little to the right above the signature of Detective J. Cannalo, a certification that it is "a true and accurate copy of the original”. Respondent locates the claimed jurisdictional defect in this certification, pointing out that identical language doomed the Rodney J. petition. However, the lab report here contains another sentence that cures the facial insufficiency problem the Appellate Division found in Rodney J. (supra). The sentence reads: "Gun and ammo tested by the undersigned and are operable.”
Respondent attempts to vitiate the importance of this recital by insisting it is improperly verified. He is wrong. "[T]here is no requirement anywhere in the Family Court Act that supporting scientific, laboratory or technical documents must be similarly verified or notarized” (as petition must be in conformity with Family Ct Act § 311.1 [4]). (Matter of Rodney J., 194 AD2d, at 345, supra.) What matters is that the report has been signed and cannot therefore be attacked, on its face, as a hearsay document.
The court points out that the form of this report is not the most elegant imaginable and that the presentment agency should, in future, provide a signature line directly under the maker’s statement. In addition, to the extent it wishes to keep the attestation that the submitted report (generally faxed to its office) is a true copy of the original, it should separate that stamp from the maker’s signature line. Still, inelegance is only an aesthetic, not a jurisdictional defect. Respondent’s motion to dismiss, on the grounds that the petition herein fails to meet the requisites of section 311.1 of the Family Court Act is denied.