OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 After a hearing held in response to respondent’s motion to suppress physical evidence, Family Court, finding the arresting officer’s testimony unreliable, granted the motion and dismissed the juvenile delinquency petition. The Appellate Division affirmed.
 

 In order to establish a prima facie case against a juvenile, a petition must contain " '[n]on-hearsay allegations * * * [that] establish, if true, every element of the offense charged and the [accused’s] commission of the offense’ ”
 
 (Matter of Jahron S.,
 
 79 NY2d 632, 637; see, Family Ct Act § 311.2 [3];
 
 Matter of Rodney J.,
 
 83 NY2d 503). The petition in this case is jurisdictionally defective and must be dismissed as it fails to make out a prima facie case against respondent for criminal possession of a controlled substance. The supporting deposition of Officer Ferino and the laboratory report attached to the petition do not contain nonhearsay allegations establishing that the substance in question was heroin. Officer Perino’s supporting deposition alleges that he observed respondent in possession of 54 decks of heroin. In
 
 Jahron S.,
 
 this Court held that a petition, taken together with the supporting deposition of a police officer who attested to his experience and expertise in dealing with illicit narcotics, and who personally observed the juvenile in possession of crack cocaine, was legally insufficient to establish a prima facie case of possession in the absence of a laboratory report identifying the substance seized as cocaine. Thus, Officer Perino’s supporting deposition, which
 
 *900
 
 does not even attest to his expertise in dealing with illicit narcotics, does not serve to render the petition in this case jurisdictionally sufficient on its face.
 

 Nor does the police laboratory report annexed to the petition contain the requisite nonhearsay allegations establishing that the substance in question was heroin. As in
 
 Rodney J. (supra,
 
 at 507), the report in this case "purports only to be a copy of the original report, and gives no indication that it was signed by the person who tested the [drugs] and prepared that original report.” The laboratory report here contains the signature of S. Girgis, a chemist; but that person certified only that the report was a true and full copy of the original and did not actually attest to any personal knowledge regarding the substance seized
 
 (id.).
 
 Accordingly, the petition must be dismissed as jurisdictionally defective on its face due to the absence of nonhearsay allegations establishing every element of the offenses charged
 
 (id.).
 

 We need not reach the other issues presented in this appeal.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, without costs, in a memorandum.