■ In the Matter of JUAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 929] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Lubow, J.), dated June 10, 1992, which, upon a fact-finding order of the same court dated February 11, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, loitering in the first degree, and criminal facilitation in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for 18 months. The appeal brings up for review the fact-finding order dated February 11, 1992.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the appellant's record is sealed pursuant to Family Court Act § 375.1.

It is well established that "[i]n order to establish a prima facie case against a juvenile, a petition must contain ' "[n]on-hearsay allegations * * * [that] establish, if true, every element of the offense charged and the accused's commission of the offense" ' *(Matter of Jahron S.,* 79 NY2d 632, 637; *see,* Family Ct Act § 311.2 [3])" *(Matter of Wesley M.,* 83 NY2d 898, 899). Since the police laboratory reports annexed to the petition " 'purport * * * only to be a [certified] cop[ies] of the original report[s], and give * * * no indication that [they were] signed by the person who tested the [drugs] and prepared th[e] original report[s]' * * * the petition must be dismissed as jurisdictionally defective on its face due to the absence of nonhearsay allegations establishing every element of the offenses charged" *(Matter of Wesley M.,* 83 NY2d 898, 899, *supra,* quoting *Matter of Rodney J.,* 83 NY2d 503). Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.