■ In the Matter of MANUEL F., a Person Alleged to be a Juvenile Delinquent, Appellant. [615 NYS2d 5] —Final order of disposition of the Family Court, New York County (Mary E. Bednar, J.), entered February 16, 1993, which adjudicated appellant a juvenile delinquent and placed him on probation for a period of one year, following a fact-finding determination on January 13, 1993, that he had committed acts which, if committed by an adult, would constitute criminal sale of a controlled substance in the third and fifth degrees and criminal possession of a controlled substance in the third and fifth degrees, unanimously reversed, on the law, without costs and the petition dismissed.

To be sufficient on its face, a juvenile delinquency petition must contain non-hearsay allegations of the factual part of the petition or of any supporting depositions that establish, if true, every element of each crime charged and the accused's commission thereof (Family Ct Act § 311.2 [3]). A petition which does not substantially conform to the requirements of section 311.2 or of section 311.1 is defective and subject to dismissal (Family Ct Act § 315.1 [1] [a]; [2]; *Matter of Rodney J.,* 83 NY2d 503, 507). It is thus required that the petition and supporting depositions contain non-hearsay allegations establishing a prima facie case of delinquency *(Matter of Rodney J., supra; Matter of Jahron S.,* 79 NY2d 632, 639). The omission of non-hearsay allegations concerning any element of the offenses charged renders the petition legally insufficient *(Matter of Rodney J., supra).*

In the instant case the prosecution was required, in order to make a prima facie case of sale or possession of cocaine, to show, with non-hearsay material, that the substance in question was indeed cocaine. It did not do so. The arresting officer's deposition that he saw the appellant sell cocaine was in itself insufficient to make that prima facie case *(Matter of Jahron S., supra,* at 639). And the laboratory report does not attest to any personal, non-hearsay knowledge of the identity of the substance analyzed, since it does not state that it was signed by the person who analyzed it *(Matter of Rodney J., supra).* Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.