■ In the Matter of DESHONE C., a Person Alleged to be a Juvenile Delinquent, Appellant. In the Matter of MARK M., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 727] —Final order of disposition of the Family Court, New York County (Judith Sheindlin, J.), entered on September 19, 1993, adjudicating appellant Deshone C. a juvenile delinquent upon a finding that he had committed an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the fifth degree and directing that he be placed with the New York State Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Final order of disposition of the Family Court, New York County (Sheldon Rand, J.), entered on March 14, 1994, adjudicating appellant Mark M. a juvenile delinquent upon a finding that he had committed an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the fifth degree and directing that he be placed with the New York State Division for Youth for a period of 12 months, unanimously affirmed, without costs.

Appellants contend that the within juvenile delinquency petitions are jurisdictionally defective since the annexed laboratory reports do not adequately set forth the nonhearsay allegations that are necessary for establishing a prima facie case. In that regard, Family Court Act § 311.1 (3) (h) states that a petition must include "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the [appellant's] commission thereof with sufficient precision to clearly apprise the [appellant] of the conduct which is the subject of the accusation". Moreover, as the Court of Appeals observed in *Matter of Jahron S.* (79

NY2d 632, 635-636), "Family Court Act § 311.2 states that a petition is facially sufficient when it 'substantially conforms' to the requirements of section 311.1, when 'the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the [appellant] committed the crime or crimes charged,' and when 'non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the [appellant's] commission thereof.' " *(See also, Matter of Wesley M.,* 83 NY2d 898, 899.)

The Court, in *Matter of Jahron S. (supra,* at 636), proceeded to note that "[t]he phrasing of these statutes makes it clear that a juvenile delinquency petition may in actuality consist of two separate parts: the formal petition itself, which must conform to the requirements of Family Court § 311.1; and any supporting depositions that may be attached to and filed with the formal petition. Thus, where one or more supporting depositions accompany a petition, the petition and the depositions together must satisfy the facial sufficiency requirements of the Family Court Act." Consequently, "the sufficiency of the petition is to be measured by the factual allegations contained not only in the petition itself but also in any supporting depositions that may be attached to it" *(supra,* at 638).

Applying that standard, the Court of Appeals, in *Matter of Jahron S. (supra),* held that the petition and supporting deposition therein were inadequate to establish a prima facie case in the absence of a laboratory report identifying as cocaine the substance that had been seized. Then, in *Matter of Wesley M. (supra,* at 900), the Court determined that the petition in that matter "must be dismissed as jurisdictionally defective on its face due to the absence of nonhearsay allegations establishing every element of the offenses charged" because the laboratory report that was appended thereto contained a signature of a chemist who certified that the report was a true and full copy of the original but failed to attest to any personal knowledge of the substance in question *(see also, Matter of Manuel F.,* 206 AD2d 337).

In the instant situation, each laboratory report, it is argued, is jurisdictionally deficient in not reciting that it was signed by the individual who performed the analysis, and, furthermore, the report is neither sworn to nor notarized. In that respect, appellants contend that CPLR 3020 (a) defines verification as "a statement under oath", and, under Family Court Act § 165, the CPLR is applicable in the absence of any

controlling Family Court Act provision. Therefore, since each laboratory report is simply signed by a chemist, it is asserted that the document has purportedly not been verified as required by law. It is also asserted that notwithstanding that, pursuant to CPLR 3021, "verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief", the certification on the report does not state that the results of the analysis are true to the knowledge of the signer.

However, the addition of the words "made by me" in the subject laboratory reports distinguish those reports from the documents involved in *Matter of Wesley M. (supra)* and *Matter of Manuel F. (supra).* Thus, the chemist who signed each of the documents at issue herein stated that "I hereby certify that the foregoing report is a true and full copy of the original report *made by me.* False statements made herein are punishable as a Class 'A' misdemeanor pursuant to section 210.45 of the Penal Law" (emphasis added). Thus, the signer of each of the laboratory reports certified that he was the person who prepared the original report. Contrary to appellant's contention, there is no requirement that a laboratory report attached to a juvenile delinquency petition must, as a precondition for making out a prima facie case, be sworn to by a person stating that he/she is the one who actually performed the analysis and that the results attested to are true to his/her knowledge.

Pursuant to CPLR 3023, "[t]he allegations or denials in a verified pleading must, in form, be stated to be made by the party pleading. Unless they are stated to be made upon the information and belief of the party, they must be regarded for all purposes, including a criminal prosecution, as having been made upon the knowledge of the person verifying the pleading." Notwithstanding the contention by appellants that this provision is inapplicable since a laboratory report is not a pleading, and neither chemist herein verified his signature, there is no legal support for the position being advanced by appellants, particularly in view of CPL 100.30 (1) (d), which while expressly relating to informations, misdemeanor complaints, felony complaints and supporting depositions, is instructive in that it provides that the form notice embodied in Penal Law § 210.45 "together with the subscription of the deponent constitute a verification of the instrument" *(see also, People v Sullivan,* 56 NY2d 378, wherein the Court of Appeals determined that such an unsworn statement is the functional

equivalent of a statement under oath). There is no basis for imposing a more stringent requirement with respect to signing laboratory reports that are attached to juvenile delinquency petitions.

We have considered appellants' respective challenges to the denial by the Family Court of their motions to suppress and find them to be without merit. Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.