OPINION OF THE COURT
James A. Yates, J.
Bernardo Calero is charged with one count of criminal possession of a controlled substance in the third degree and one count of criminal sale of a controlled substance in the third degree. At issue is whether the evidence before the *14 Grand Jury was legally sufficient to establish the presence of cocaine within the substances he allegedly sold and possessed. Specifically, the court must determine whether, in light of the recent decisions by the Court of Appeals in Matter of Rodney J. (83 NY2d 503 [1994]), and Matter of Wesley M. (83 NY2d 898 [1994]), the certified laboratory reports introduced before the Grand Jury satisfied CPL 190.30 (2).
THE PRESENTATION
CPL 190.30 provides that, subject to a limited number of carefully drawn exceptions, hearsay is inadmissible in the Grand Jury. (See, CPL 190.30 [1].) One such exception is created by subdivision (2) of that section, which provides, in pertinent part: “A report or a copy of a report made by a public servant or by a person employed by a public servant or agency who is a * * * chemist * * * concerning the results of an examination, comparison or test performed by him in connection with a case which is the subject of a grand jury proceeding, may, when certified by such person as a report made by him or as a true copy thereof, be received in such grand jury proceeding as evidence of the facts stated therein.” (CPL 190.30 [2] [emphasis added].)
This provision was "designed to save valuable time of persons such as police chemists * * * whose reports would speak for themselves at this stage of the proceedings.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 190.30, at 243.) However, while this subdivision enables the People to present legally sufficient evidence of the presence of a controlled substance with a minimum of inconvenience to police chemists, it nevertheless requires that the certification executed by those witnesses indicate that the test was "performed” by that person. (CPL 190.30 [2].) The policy underlying this requirement is obvious — it ensures that the person certifying the laboratory report has personal knowledge of the tests which were conducted.
In the Grand Jury, the People sought to take advantage of the streamlined procedure created by section 190.30 (2). Thus, rather than calling as witnesses the police chemists who tested the substances allegedly possessed and sold by Bernardo Calero, they introduced two laboratory reports which attested to the presence of cocaine in the substances at issue. The laboratory reports, however, bore the certification which was recently disapproved by the Court of Appeals in Rodney J. *15 (supra) and Wesley M. (supra). That is, they did not contain the signature of any person expressly identified as the chemist who performed the tests. Rather, each report was signed by an individual, identified as a chemist in the police laboratory,[1] below a certification which read: "I hereby certify that the foregoing report is a true and full copy of the original report. False statements made herein are punishable as a Class 'A’ misdemeanor pursuant to section 210.45 of the Penal Law.” In Rodney J. and Wesley M., the Court of Appeals held that a laboratory report bearing such a certification does not indicate that the person who signed it has any personal knowledge regarding the tests which were allegedly performed.[2]
THE PARTIES’ CONTENTIONS
Defendant, citing Rodney J. and Wesley M. (supra), argues that the laboratory reports introduced before the Grand Jury were inadmissible hearsay which did not satisfy the requirements of CPL 190.30 (2). He has moved to dismiss the indictment on the ground that the nonhearsay evidence before the Grand Jury was legally insufficient to establish that the substances he allegedly sold and possessed contained cocaine.
The People contend that Rodney J. and Wesley M. (supra)— which dealt with the facial sufficiency of juvenile delinquency petitions — are not controlling where, as here, a laboratory report bearing such a certification is introduced before a Grand Jury to establish an element of the crime charged. This is so, they maintain, because an indictment "need not show on its face non-hearsay proof. Rather * * * the issue is whether impermissible hearsay evidence was introduced before the Grand Jury.” (People’s Affirmation, at 3.)
*16 According to the People, the laboratory reports at issue do not contain impermissible hearsay, and therefore comport with the requirements of section 190.30 (2), since the chemists who certified them were in fact the same individuals who performed the tests described therein. In support of this contention, they urge the court to consider evidence which was not presented to the Grand Jury. This new evidence consists of copies of what the People tellingly describe as "properly certified lab report[s] * * * confirming that each chemist conducted the original tests described in the lab report[s].” (People’s Affirmation, at 4 [emphasis added].)
The new reports, which were attached to the People’s Affirmation, are identical to those introduced before the Grand Jury — with two notable distinctions. First, the last sentence of the new reports — immediately above the certification at the bottom of the page — reads: "I, the undersigned, hereby certify that the above was tested by me.” Second, the opening sentence of the certification below which the signatures appear now reads: "I hereby certify that the foregoing report is a true and full copy of the original report made by me” (emphasis added). It is the People’s contention that these "properly certified” reports satisfy CPL 190.30 (2), and, more importantly, "confirm” that the reports submitted to the Grand Jury do not contain inadmissible hearsay. (People’s Affirmation, at 4.)[3]
CONCLUSIONS OF LAW
The People correctly observe that rules governing sufficiency of a Grand Jury presentation are not identical to those governing adequacy of a petition in Family Court. As such, they argue, Rodney J. and Wesley M. (supra) are not controlling in this case. However, as a matter of statutory construction and policy, the defect in the laboratory certifications which required dismissal of the petitions in those cases also compels re-presentation to a new Grand Jury in the instant case. (Cf, People v Van Buren, 82 NY2d 878 [1993].)
The laboratory reports which were introduced in the Grand *17 Jury did not meet the mandate of section 190.30 (2).[4] In order to avail themselves of the streamlined procedure created by section 190.30 (2), the People are required to introduce in the Grand Jury a laboratory report containing a certification which indicates that the signer of the report has personal knowledge of the laboratory analysis described therein. However, as Rodney J. and Wesley M. (supra) make clear, the signatures on the reports considered by the Grand Jury in this case merely certify that each is an accurate copy of the original report, but give no indication that the persons who signed them had any personal knowledge regarding the tests which were allegedly performed.
As a general matter, Grand Jury proceedings are governed by the rules of evidence applicable at trial. (See, CPL 190.30 [1].) In the Grand Jury, the District Attorney plays the difficult, sometimes awkward, role of presenting the case as an advocate, while, at the same time, making evidentiary rulings as a legal advisor.[5] For the most part, the prosecutor makes those evidentiary rulings without the benefit of judicial oversight or intervention. (See, CPL 190.30 [6], [7].) Further, neither the defendant nor his attorney is present during the presentation to alert the District Attorney to evidentiary *18 errors or to contest potentially erroneous rulings. For all these reasons, the District Attorney, as legal advisor to the Grand Jury, has a special obligation to adhere scrupulously to the rules of evidence governing such proceedings. (Cf, People v Van Buren, supra.)
Thus, where, as here, the Legislature has crafted an exception to the hearsay rule, the legislation should be strictly construed lest the District Attorney, acting alone in the Grand Jury as advocate and Judge, yield to the temptation to stray beyond the language of the statute. Admittedly, in a different jurisdiction, a Grand Jury presentation could be based almost entirely upon hearsay testimony, as, for example, is the rule and practice in some Federal prosecutions. (See, United States v R. Enters., Inc., 498 US 292, 298 [1991], citing Costello v United States, 350 US 359, 364 [1956].) However, the Legislature in this State has carefully and sparingly circumscribed those instances where the normal restrictions governing hearsay may be avoided in the Grand Jury. (See generally, CPL 190.30.)
In light of the above, the People’s failure to comply with the statutory mandate set forth in section 190.30 (2) is neither minor nor technical in nature. The Legislature has manifested a clear desire to carefully limit the use of hearsay in the Grand Jury by specifically enumerating those instances where hearsay evidence, not ordinarily admissible at trial, may nonetheless be introduced in the Grand Jury. Prosecutors are required to abide by those rules even in cases, such as this, where statutory limitations upon an expanded use of hearsay may not be in their interest as advocates in the Grand Jury. In order to fulfill legislative expectation against unauthorized expansion of hearsay in the Grand Jury, reviewing courts must remain vigilant against improper use of hearsay which is neither admissible at trial nor permitted by statute. Of course, relatively minor errors, such as admitting hearsay which is neither material nor critical to the Grand Jury’s determination, do not require dismissal of an indictment, since Grand Jury presentations are not subject to the same level of scrutiny as trials. However, where, as here, the inadmissible hearsay is the only evidence supporting a critical element of the offense, re-presentation is required. (See, People v Avant, 33 NY2d 265, 271 [1973] ["the submission of some inadmissible evidence during the (Grand Jury presentation) is held to be fatal only when the remaining legal evidence is insufficient to sustain the indictment”].)
*19 Accordingly, defendant’s motion to dismiss the indictment on the ground that the nonhearsay evidence before the Grand Jury was not legally sufficient to establish that the substances he allegedly sold and possessed contained cocaine is granted, with leave to the People to re-present.

. The individual who signed the laboratory report pertaining to the sale count was "J. Bishara”, while the individual who signed the laboratory report pertaining to the possession count was "G. Joshi.”

. Rodney J. and Wesley M. (supra) involved, respectively, laboratory reports relating to a weapon’s operability and the presence of cocaine within a substance seized from a juvenile. In each case, the Court of Appeals held that the inclusion of such a certification does not render a laboratory report nonhearsay, since the signature merely certifies that the report is an accurate copy of the original report but " 'gives no indication that it was signed by the person who tested the [drugs] [or gun] and prepared that original report.’ ” (Matter of Wesley M., supra, at 900, quoting Matter of Rodney J., supra, at 507.) Thus, in both Rodney J. and Wesley M., the Court held that the juvenile delinquency petitions to which the laboratory reports were affixed were jurisdictionally defective, since they failed to contain nonhearsay allegations of every element of the offenses charged.

. The Appellate Division, First Department, recently held that the addition of the words "made by me” to the end of the first sentence of the certification is sufficient to indicate that the signer has personal knowledge of the tests which were performed. (Matter of Deshone C., 207 AD2d 756 [1st Dept 1994].)

. The court notes that it may not consider the "properly certified” reports which were submitted to the court in response to defendant’s motion but which were not presented to the Grand Jury. Simply put, the issue is not what the People could have presented to the Grand Jury, but rather what was presented. A reviewing court may not consider evidence which was not presented to the Grand Jury. To do so would be to usurp the exclusive function of that body, whose sole duty it is to evaluate the evidence presented in light of both the "legal sufficiency” and "reasonable cause” standards. (See, e.g., People v Batashure, 75 NY2d 306, 310-311 [1990].)
It is telling that the People’s Affirmation describes the new laboratory reports — which were generated almost two years after the reports considered by the Grand Jury — as "properly certified.” (People’s Affirmation, at 4.) Implicit in the People’s characterization of the new reports as "properly certified” is the concession that the reports which were introduced to the Grand Jury were improperly certified.

. For that reason, at least one State has separated the functions of advocate and legal advisor by mandating that independent counsel be "provided by law to advise the members of the grand jury regarding matters brought before it.” (Haw Const, art I, § 11; see also, State v Hehr, 63 Haw 640, 641, 633 P2d 545, 546-547 [1981] [independent Grand Jury counsel "was established to ensure an independent Grand Jury and to relieve the prosecutor of the conflicting burdens of presenting evidence in support of the indictment and advising the Grand Jury on matters of law”]; cf, NC Gen Stat § 15A-624 [1994] [requiring the Presiding Judge to act as legal advisor to Grand Jury].)