OPINION OF THE COURT
Martin Marcus, J.
In each of these two cases, the defendant was indicted by the Grand Jury of Bronx County and charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Both defendants, in their omnibus motions, moved, inter alia, for dismissal of the charges in the indictment, and the court, upon inspection of the Grand Jury minutes, denied the motions. In each case, the defendant now moves to reargue the motion to dismiss, reasserting that there was insufficient evidence presented to the Grand Jury that the substance in question was heroin, and basing the motion on two subsequent decisions of the Court of Appeals. Each defendant’s motion for reargument is granted, and, upon reargument, for the reasons set forth below, both indictments are dismissed.
In each case, in order to establish that the substance allegedly sold and possessed by the defendant was heroin, the People placed before the Grand Jury a laboratory report signed by a chemist employed by the New York City Police Department. The report was admitted into evidence based upon a certification by the chemist that "the foregoing report is a true and full copy of the original report made by me.” Nowhere in the certification, however, or anywhere else in the report, does the chemist state, directly or indirectly, that he performed the analysis which is the subject of the report.
In Matter of Rodney J. (83 NY2d 503 [1994]), the defendant was charged in a juvenile delinquency petition with criminal possession of a weapon in the second degree. Attached to the petition was the affidavit of a police officer who swore that he had seen the defendant in possession of a gun, and a copy of the police laboratory analysis report, certified as "a true and full copy of the original report” and stating that the gun was operable. However, "[t]he report did not contain the signature of any person expressly identified as the tester of the weapon” (83 NY2d, at 505-506), and the person signing the report "did not actually attest to any personal knowledge of the gun’s operability.” (83 NY2d, at 507.) Acknowledging the likelihood *455 that the person who signed the report had himself tested the weapon for operability, the Court nonetheless found that "the nonhearsay nature” of the report was "not clear on its face.” (Supra.) Since the petition thus failed to include nonhearsay allegations establishing every element of the crime charged, the Court held that it was jurisdictionally defective and affirmed its dismissal.
In Matter of Wesley M. (83 NY2d 898 [1994]), the Court of Appeals applied the same analysis to a juvenile delinquency petition in which the defendant was charged with criminal possession of a controlled substance. Attached to the petition was a copy of a laboratory analysis report, which was signed by a chemist who certified, as in Rodney J. (supra), only that it was a "true and full copy of the original” report. Noting that the signatory "did not actually attest to any personal knowledge regarding the substance seized”, the Court dismissed this petition as well. (83 NY2d, at 900.)
In the present cases, the person signing each laboratory report attested to an additional fact: not only that the report was a "true and full copy of the original report”, but also that the original report was "made by me”. The People rely on a recent decision, Matter of Deshone C. (207 AD2d 756 [1st Dept 1994]), in which the First Department considered two identically worded certifications, and held that because "the signer of each of the laboratory reports certified that he was the person who prepared the original report” (207 AD2d, at 758), the reports were not hearsay. (See also, Matter of Shermaine J., 208 AD2d 158 [1st Dept 1995].)
In reaching this conclusion, however, the Court in Matter of Deshone C. (supra) noted that the laboratory reports were verified instruments within the meaning of CPL 100.30 (1) (d), and that under CPLR 3023, the factual allegations of a verified pleading, even in a criminal case, are to be "regarded * * * as having been made upon the knowledge of the person verifying the pleading”, unless it is specifically stated that the allegations are based upon his information and belief. Applying this statutory presumption to the reports, the Court upheld the sufficiency of each of the petitions to which the reports were attached.*
*456 CPL 100.30 (1) (d), however, has no bearing upon Grand Jury proceedings, and the inference CPLR 3023 establishes for pleadings does not attach to evidence placed before a Grand Jury. Instead, CPL 190.30 controls, and makes applicable to Grand Jury proceedings, with certain exceptions, the same rules of evidence applicable at trial. One of those exceptions explicitly relates to the admissibility of the laboratory report, and provides that "A report or a copy of a report made by a public servant * * * who is a * * * chemist * * * concerning the results of an examination, comparison or test performed by him * * * may, when certified by such person as a report made by him or as a true copy thereof, be received in such grand jury proceeding as evidence of the facts stated therein.” (CPL 190.30 [2].)
In each of the present cases, the person signing the laboratory report used the language of CPL 190.30 (2), that is, each chemist certified that the report placed before the Grand Jury was a true copy of a report "made by me”. However, the report did not state that the substances had been tested by the person who certified the report, and there were no facts before the Grand Jury from which that inference could be drawn. Thus, here, as in People v Wesley M. (83 NY2d, supra, at 900), the chemist signing each of the reports "did not actually attest to any personal knowledge regarding the substance seized”, and here, unlike in Matter of Deshone C. (supra), no statute permits an inference that the person who signed each report had personal knowledge of the facts it contained.
In any case, even if the inference established by CPLR 3023 for pleadings applied to a certified report offered to a Grand Jury, the reports in this case would nonetheless constitute hearsay. In Deshone C. (supra), the Court recognized that the inference created by CPLR 3023 — that the person who signed the laboratory report had personal knowledge of the results described in it — did not establish that the person who had signed the report was the chemist who had performed the test. The Court held, however, that "there is no requirement that a laboratory report attached to a juvenile delinquency petition must * * * be sworn to by a person stating that he/she is the one who actually performed the analysis” (207 AD2d, at 758, supra). In contrast, CPL 190.30 (2) does require that in order for a certified report to be admissible before a Grand Jury, the certification must be "made by a public servant * * * concerning the results of an examination, comparison or test performed by him”. (Emphasis supplied.)
*457 Thus, here, as in Matter of Rodney J. (83 NY2d, supra, at 507), "[h]owever likely it may be” that the chemists who signed the laboratory reports themselves tested the substances for the presence of heroin, "the fact remains that the non-hearsay nature of [each] report is not clear on its face.” Accordingly, in both cases, the evidence before the Grand Jury was insufficient to establish that the substances sold and possessed were heroin, and both indictments must be dismissed.
The People are granted leave to re-present both cases to another Grand Jury.

 Acknowledging the argument that an affidavit attached to a juvenile delinquency petition was not itself a pleading, the Court reasoned that no greater standard should apply to a document attached to pleading than to the pleading itself. (Matter of Deshone C., 207 AD2d, at 758, supra.)