■ In the Matter of KENNETH K., a Person Alleged to be a Juvenile Delinquent, Appellant. [631 NYS2d 3] —Order, Family Court, New York County (Judith Sheindlin, J.), entered November 28, 1994, adjudicating respondent a juvenile delinquent for acts which, if committed by an adult would constitute criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and placing him with the Division for Youth for 18 months, reversed on the law, without costs or disbursements, and the petition dismissed.

We find that since it is clear that the chemist did not sign the laboratory report there is a patent deficiency in the petition. The signature in the pre-printed certification next to the printed name of the chemist—"D. Uy"—is not the chemist's signature. But since this signature is not legible, it does not, in

itself, constitute a defect which is "facially apparent" (*Matter of Rodney J.*, 83 NY2d 503, 508) and therefore jurisdictional. There is, however, a similar signature on the report appearing in a stamped certification that the report is a true and unaltered copy. This signature, obviously written by the same person and bearing no resemblance to the name "D. Uy," makes it clear that the signature next to the chemist's name in the pre-printed form is not that of the chemist, thus rendering the petition jurisdictionally defective. Given the patency of the defect, respondent's motion to dismiss based thereon, made at trial, was not untimely. Concur—Sullivan, Asch and Nardelli, JJ.

Rubin and Tom, JJ. concur in a memorandum by Tom, J., as follows. On August 18, 1994, the Presentment Agency (New York City Corporation Council) filed a juvenile delinquency petition in Family Court, New York County, charging respondent, then 16 years old, with committing acts which, if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]); criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]); criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]); and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).

In a deposition supporting the petition, New York City Police Officer Caputo stated: "[I observed Respondent] in possession of a narcotic drug, to wit: cocaine, with intent to sell same. I recovered same drugs, vouchered same as arrest evidence and submitted to the police lab for analysis."

Also annexed to the petition was the Police Laboratory Report (the "Report"), dated April 25, 1994, which states that the arresting officer was Kevin M. Flynn and that the vouchered material consisted of 61 vials containing varying amounts of cocaine with a total weight of 36.4 grams. On the bottom of the Report was the statement: "I, THE UNDERSIGNED, HEREBY CERTIFY THAT THE ABOVE WAS TESTED BY ME." Following that was the certification: "I hereby certify that the foregoing report is a true and full copy of the original report made by me. False statements made herein are punishable as a Class 'A' misdemeanor pursuant to section 210.45 of the Penal Law."

Below the certification, on the left side of the Report is the notation "Chemist Name/Print/Type". The name "UY, D." is typed in the space next to that notation. The signature which appears in the space provided to the right, however, does not match the printed name but, rather, is signed by a Sergeant

Schmidt and not the chemist D. Uy. There is no dispute that Sergeant Schmidt did not perform the chemical analysis.

A fact-finding hearing was held on October 13, 14, 17, 19 and 24, 1994 during which Delores Uy, a chemist employed by the New York City Police Department, testified that she analyzed the vials recovered from respondent and determined that they contained cocaine. During cross-examination, Ms. Uy was shown the Laboratory Report annexed to the petition, which she stated had been signed by Sergeant "Smith". Ms. Uy thereafter produced a copy of a similar Laboratory Report which she had signed concerning the same substance and the analysis thereof, which copy was not annexed to the petition.

Respondent, upon discovering the defect in the Laboratory Report at the fact-finding hearing, moved to dismiss the juvenile delinquency petition as jurisdictionally defective. On October 24, 1994, Judge Sheindlin denied the motion, relying primarily on *Matter of Edward B.* (80 NY2d 458). The Family Court subsequently found respondent guilty of committing acts which, if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the third and seventh degrees (Penal Law § 220.16 [1]; § 220.03) and on November 28, 1994, adjudicated respondent a juvenile delinquent and placed him with the Division for Youth for 18 months.

A juvenile delinquency petition is "the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding" (*Matter of Detrece H.*, 78 NY2d 107, 110; *Matter of Rodney J.*, 83 NY2d 503, 506; *cf.*, *People v Alejandro*, 70 NY2d 133, 137-138). As a result, the need for a careful assessment of the petition "is particularly acute at the outset of a juvenile delinquency proceeding, where there is no independent Grand Jury-like body to review the evidence" (*Matter of Edward B.*, 80 NY2d 458, 464, *supra*).

Family Court Act § 311.1 provides, *inter alia*, that the petition must contain: "[A] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation" (Family Ct Act § 311.1 [3] [h]).

It is well settled that in order to establish a prima facie case of delinquency, the petition and supporting depositions must contain non-hearsay allegations that, if true, establish every element of the crime charged as well as the accused's commission thereof (*Matter of Wesley M.*, 83 NY2d 898, 899; *Matter of Jahron S.*, 79 NY2d 632, 637; Family Ct Act § 311.2 [3]).

In *Matter of Edward B. (supra,* at 465), the Court of Appeals differentiated between latent and patent defects in the petition and held that "latent deficiencies [not clear from the face] in the accusatory instrument that are revealed during the trial or hearing do not provide a ground for mandatory dismissal under Family Court Act § 315.1 (1) (a)".

In *Matter of Rodney J. (supra),* the Court of Appeals reaffirmed the holding of *Matter of Edward B. (supra,* at 465) and held that where a deficiency is patent, or apparent from the face of the document, the dismissal of the petition is warranted.

In the matter before us, it is clear that the deficiency in the signature on the Laboratory Report is a patent defect. While the signature is partially illegible, the name Schmidt can be clearly gleaned from the face of the Report. An inspection of the Laboratory Report unequivocally shows that the signature with the name Schmidt differs from the named chemist D. Uy and cannot possibly be interpreted to be the same person. It is clear that the chemist's failure to sign the laboratory analysis Report renders the factual allegations in the accusatory instrument legally insufficient as the Report did not attest to personal, non-hearsay knowledge of the identity of the substance analyzed (*Matter of Rodney J., supra; Matter of Manuel F.,* 206 AD2d 337; *Matter of Juan C.,* 205 AD2d 769). Since such defect is non-waivable and renders the petition jurisdictionally defective (*Matter of Detrece H., supra; Matter of David T.,* 75 NY2d 927; *People v Alejandro, supra,* at 136) the petition must be dismissed.

To the extent that the Presentment Agency relies on dicta in *Matter of Edward B. (supra,* at 465), for the proposition that once the pretrial stages of the proceeding have passed, the requirement that the petition comply with the provisions of Family Court Act § 311.2 dissipates, I disagree. Rather, I conclude that such language was intended to apply to the latent defects set forth under the facts of *Edward B. (supra),* and do not apply to patent or jurisdictional deficiencies which render the Presentment Agency's petition invalid. Indeed, this Court has vacated a juvenile delinquency petition where its facial validity was first raised on appeal (*Matter of Ricky R.,* 198 AD2d 178).

Accordingly, I agree with the majority and would reverse the Family Court and dismiss the petition.