■ In the Matter of ABDULLAH R., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of MARCUS J., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of ANGEL T., a Person Alleged to be a Juvenile Delinquent, Respondent. [631 NYS2d 18] —Orders, Family Court, New York County (Edward Kaufman, J.), entered on or about April 28, 1994, which granted petitioner presentment agencies' motion for reargument, and thereupon adhered to the prior determinations, same court and Justice, entered on or about March 29, 1994, dismissing the petitions in the above captioned matters, unanimously reversed, on the law and the facts, and the petitions reinstated, without costs.

All three respondents were arrested and charged with acts which if committed by an adult would constitute various degrees of criminal possession and/or sale of a controlled substance and, in each case, moved to dismiss the petition as jurisdictionally defective on the ground that the laboratory reports, submitted in support of the respective petitions, did not constitute nonhearsay evidence that the substance in question was cocaine. Dismissal of the petitions on this ground was error. In *Matter of Kaliek G.* (208 AD2d 392, *lv denied* 85 NY2d 801) and *Matter of Deshone C.* (207 AD2d 756, *lv denied* 85 NY2d 801) we held that laboratory reports containing a certification signed by the testing chemist, that the report was "a true and full copy of the original report made by me", satisfied the requirement of Family Court Act § 311.2 (3), that the petition and any supporting depositions contain nonhearsay allegations establishing, if true, every element of the crime charged and the respondent's commission thereof. Each of the chemist's reports in question here contained such a certification, and therefore was adequate to identify the substances in question as cocaine. We have considered respondents' other arguments and find them to be without merit. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Mazzarelli, JJ.