■ In the Matter of Kareem C., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of Tyrone M., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of Enriquillo S., a Person Alleged to be a Juvenile Delinquent, Respondent. [632 NYS2d 128] —Order, Family Court, New York County (Edward M. Kaufmann, J.), entered on or about April 28, 1994, which granted petitioners' motion for reargument and, upon reargument, adhered to its prior determinations, entered on or about March 29, 1994, dismissing the subject juvenile delinquency petitions, is unanimously reversed, on the law, and the petitions reinstated, without costs or disbursements.

In all three cases herein, the police laboratory controlled substance analysis reports attached to the petitions were certified to be "a true and full copy of the original report" made by the chemists who signed the reports. The Family Court

dismissed all three petitions finding that they were jurisdictionally defective because of a purported absence of nonhearsay evidence of the nature and weight of the controlled substance in question, and later granted reargument but adhered to its prior determinations.

Family Court Act § 311.2 (3) mandates that the petition and any supporting depositions contain nonhearsay allegations which would establish, if true, every element of each crime charged and the respondent's commission thereof.

A laboratory report containing a certification signed by the testing chemist that such report is "a true and full copy of the original report made by me" satisfies the requirements of this section (*Matter of Deshone C.*, 207 AD2d 756, *lv denied* 85 NY2d 801; *Matter of Kaliek G.*, 208 AD2d 392, *lv denied* 85 NY2d 801).

The holdings in *Matter of Deshone C. (supra)* and *Matter of Kaliek G. (supra)* have not been overruled by *Matter of Neftali D.* (85 NY2d 631). In *Matter of Neftali D. (supra,* at 636), the Court of Appeals determined that an unsworn police report that was attached to the juvenile delinquency petition did not comply with the statutory jurisdictional requirements of the Family Court Act because it bore "none of the attributes of a duly sworn testament".

In *Matter of. Wesley M.* (83 NY2d 898), the Court of Appeals concluded that a juvenile delinquency petition was defective because there was nothing to indicate that the signer of the laboratory report had any personal knowledge of the results of the underlying scientific tests. Thereafter, in *Matter of Deshone C. (supra)* and *Matter of Kaliek G. (supra)*, the petitions were found to be sufficient because the signers of the reports therein, regardless of whether or not they had personally performed the laboratory analysis, attested that they had personal knowledge of the test results. We noted the terms of CPL 100.30 (1) (d), "which while expressly relating to informations, misdemeanor complaints, felony complaints and supporting depositions, is instructive in that it provides that the form notice embodied in Penal Law § 210.45 'together with the subscription of the deponent constitute a verification of the instrument' (*see also, People v Sullivan*, 56 NY2d 378, wherein the Court of Appeals determined that such an unsworn statement is the functional equivalent of a statement under oath). There is no basis for imposing a more stringent requirement with respect to signing laboratory reports that are attached to juvenile delinquency petitions" (*Matter of Deshone C., supra*, at 758-759).

Pursuant to Family Court Act § 165, the CPLR is applicable in the absence of any specific relevant provision in the Family Court Act, and, as the Court of Appeals noted in *Matter of Neftali D. (supra,* at 635), the CPL may also be instructive in construing comparable sections of the Family Court Act. Since the certifications on the laboratory reports herein were in conformity with the prescriptions of CPL 100.30 (1) (d), the facts are contrary to those in *Matter of Neftali D. (supra,* at 636), where the appended police report bore "none of the attributes of a duly sworn testament" (*see also, Matter of Abdullah R.,* 218 AD2d 622). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.