[652 NYS2d 750]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTONIO WASHINGTON, Respondent.

Second Department, January 21, 1997

**APPEARANCES OF COUNSEL**

*Richard A. Brown, District Attorney* of Queens County, Kew Gardens *(Steven J. Chananie, Robin A. Forshaw* and *Sharon Y. Brodt* of counsel; *Brent P. Reilly* on the brief), for appellant.

*Daniel L. Greenberg,* New York City *(Katheryne M. Martone* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

For reasons that follow, we hold that the motion court erred in dismissing the indictment. The court acted on its conclusion that the indictment was premised on a legally insufficient chemist's report. We disagree, and we reverse the order of dismissal. Our holding in this appeal serves as a basis for reversal in a number of other appeals decided herewith *(see, People v Carrington,* — AD2d —, 1997 NY Slip Op 00495 [decided herewith]; *People v English,* — AD2d —, 1997 NY Slip Op 00498 [decided herewith]; *People v Gonzales,* — AD2d —, 1997 NY Slip Op 00503 [decided herewith]; *People v Lopez,* — AD2d —, 1997 NY Slip Op 00508 [decided herewith]; *People v McConney,* — AD2d —, 1997 NY Slip Op 00511 [decided herewith]; *People v Samuel,* — AD2d —, 1997 NY Slip Op 00517 [decided herewith]).

With the introduction of the Criminal Procedure Law (L 1970, ch 996), the Legislature recognized that the appearances of certain experts before the Grand Jury, like chemists in drug cases, involved mostly pro forma testimony that occasioned needless delay and time consumption at that stage of the proceedings *(see,* Preiser, Practice Commentaries, McKinney's Cons Law of NY, Book 11A, CPL 190.30, at 243). That concern gave rise to CPL 190.30 (2) which is designed to excuse live appearances, in favor of certified reports. This is in contrast, of course, to the trial stage, at which such testimony may be required to establish a legally sufficient case *(see, e.g., People v Rodriguez,* 94 AD2d 805; *People v Branton,* 67 AD2d 664; *People v Hood,* 47 AD2d 971; *People v Butler,* 190 AD2d 743).

In the appeal before us, the report presented to the Grand Jury contains the "Chemist['s] Name" at the bottom, and there is a certification, by which the named chemist has certified that "the foregoing report is a true and full copy of the original report *made by me"* (emphasis supplied).

CPL 190.30 (2) is meant to give us two assurances: We want to be satisfied that the expert both performed the test and made the report. Anything less would compromise the evidence; anything more is unnecessary at the Grand Jury stage. The certification before us satisfies both concerns. An uncontradicted, fair reading of the report, which is at least as reliable as a field test, provides a reliable basis for satisfying the Grand Jury standard *(People v Swamp,* 84 NY2d 725, 730-731).

Giving the name of the chemist on the report, which the chemist signed, leads to the uncontradicted inference, if not the inexorable conclusion, that the named chemist performed the test referred to in the report. This is particularly true when, on the face of the report, the same chemist complies literally with the statute by stating that the "foregoing report is a true and full copy of the original report *made by me*" (emphasis supplied).

In his challenge to the indictments, the defendant is relying on the holdings of the Court of Appeals in *Matter of Jahron S.* (79 NY2d 632) and *Matter of Wesley M.* (83 NY2d 898), cases that involve the sufficiency of Family Court petitions in establishing prima facie cases against alleged juvenile delinquents. We are not, however, dealing with Family Court petitions.

A Family Court petition serves as the sole and ultimate instrument for the commencement, prosecution, and adjudication of juvenile delinquency proceedings *(Matter of Detrece H.,* 78 NY2d 107, 110) and, as such, must contain nonhearsay allegations that establish, if true, every element of the offense *(Matter of David T.,* 75 NY2d 927; *Matter of Jahron S., supra).* An indictment, on the other hand *(see,* CPL 200.50), is an accusatory instrument that is by its very nature a hearsay document. It contains no supporting depositions or nonhearsay allegations of the kind contemplated for a petition governed by Family Court Act §§ 311.1 and 311.2 (3).

Even if, arguendo, we consider these Family Court Act provisions as relevant to an interpretation of CPL 190.30 (2), we agree with the Appellate Division, First Department's, decision in *Matter of Deshone C.* (207 AD2d 756), which sustained the validity of a lab report certification indistinguishable from the one before us. The *Deshone C.* certification was challenged as "jurisdictionally deficient" because it did not recite that it was "signed by the individual who performed the analysis" and, further, that the report was "neither sworn to nor notarized" *(supra,* at 757).

The *Deshone C.* Court held that the lab report under review was different from those in *Matter of Wesley M.* (83 NY2d 898, *supra)* and *Matter of Manuel F.* (206 AD2d 337), in that the *Deshone C.* report, as the one before us, contained the additional words " 'made by me' " *(supra,* at 758). In *Deshone C. (supra,* at 758), as here, the chemist who signed the report stated, " 'I hereby certify that the foregoing report is a true and full copy of the original report *made by me*' " (emphasis supplied).

Giving CPL 190.30 (2) its intended purpose, we conclude that it is enough for the chemist to sign the report, thus signifying prima facie that he or she performed the test. This case is not at the trial stage, but at the Grand Jury level, at which the proof may be taken as sufficient if unexplained and uncontradicted *(People v Jensen,* 86 NY2d 248; *People v Galatro,* 84 NY2d 160). It is theoretically possible, of course, that the chemist who signed the report did not perform the test, but the statute does not require a ritualistic recitation and we will not override a statute's plain language and intendment with interpretations based on remote hypothetical possibilities. The statute speaks of a report made by a technician concerning the results of a test "performed by him" *(id.).* The technician who swears to have made the report is, by the very nature of the process and certification, making an attestation concerning the results of a test "performed by him". It would have been better to have added the words "performed by me", and perhaps future reports will, but the omission does not detract from the obvious implication of the certification, or render the indictment invalid.

A number of trial level courts have refused to recognize similar challenges to these certifications *(e.g., People v Dominguez,* NYLJ, Oct. 7, 1994, at 35, col 2; *People v Robinson,* NYLJ, Mar. 7, 1995, at 26, col 3; *People v Cuevas,* NYLJ, Aug. 25, 1995, at 25, col 6; *People v Young,* 163 Misc 2d 36; *People v Ellison,* NYLJ, Nov. 16, 1994, at 25, col 5; *but see, People v Calero,* 163 Misc 2d 13, *contra),* and we believe they are correct in this.

Accordingly, the order is reversed, on the law, the defendant's motion to dismiss the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

FRIEDMANN, J. (dissenting). I would affirm. Substantively, I find the instant matter to be distinguishable from cases like *People v Rodriguez* (— AD2d —, 1997 NY Slip Op 00516 [decided herewith]). The ballistics report at issue in *Rodriguez,* for example, made clear that Officer Ramirez had both tested the subject gun and certified that the report submitted to the Grand Jury accurately reflected his findings. It simply was not clear who had drafted the "original report". However, even assuming that someone other than Ramirez had filled out the original report from Officer Ramirez's notes or dictation, the hearsay problem was effectively neutralized by Officer

Ramirez's final authentication of the contents of the copy—it being inconceivable that Officer Ramirez would certify as accurate a report that contradicted his own findings. Here, by contrast, the report failed to identify who *tested* the evidence in the first place, with the result that no amount of certification can cure the hearsay defect.

ROSENBLATT, J. P., PIZZUTO and GOLDSTEIN, JJ., concur in a Per Curiam opinion; FRIEDMANN, J., dissents in a separate opinion.

Ordered that the order is reversed, on the law, the defendant's motion to dismiss the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.