■ In the Matter of BRANDON M., a Person Alleged to be a Juvenile Delinquent, Appellant. [653 NYS2d 27] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated August 1, 1995, which, upon a fact-finding order of the same court, dated January 18, 1995, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and unlawful possession of a weapon by a person under the age of 16, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for 18 months. The appeal brings up for review the fact-finding order dated January 18, 1995.

Ordered that the order of disposition is modified, on the law, by adding thereto a provision vacating the provision of the

fact-finding order finding that the appellant had committed an act, which if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant argues that the petition is facially insufficient because there is no indication that the ballistics report attesting to the gun's operability was signed by the person who tested the gun. However, the ballistics report clearly states that the gun was "tested by undersigned". Accordingly, this argument is without merit (see, People v Washington, 228 AD2d 23; Matter of Piterson C., 159 Misc 2d 499).

Since it was not established that the ammunition recovered from the gun was live, the counts of the petition charging the appellant with possession of a loaded firearm must be dismissed (see, People v Shaffer, 66 NY2d 663; People v Aguilar, 202 AD2d 512).

The appellant's placement has expired. Therefore, we need not rule on the propriety of the appellant's placement.

The appellant's remaining contention is without merit. Miller, J. P., Altman, Goldstein and McGinity, JJ., concur.