THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS RODRIGUEZ, Respondent. [653 NYS2d 358] —Appeal by the People from an order of the Supreme Court, Queens County

(Braun, J.), dated June 19, 1995, which, upon reargument, granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was arrested and indicted for criminal possession of a weapon in the third degree, a crime which requires that the firearm possessed be operable (see, Penal Law § 265.02 [4]). In the presentation of the case to the Grand Jury the prosecutor proffered the Police Laboratory Analysis Report (hereinafter the report) containing the results of the ballistics examination of the subject gun. The report indicated that the gun was a .45 caliber semi-automatic pistol. More significantly, it provided as follows: "RESULTS: GUN AND AMMO TESTED BY P.O. RAMIREZ 17457 ARE OPERABLE". In addition, at the very bottom of the report, immediately above the signature of Police Officer Ramirez, the following language appears: "I hereby certify that the foregoing report is a true and full copy of the original report. False statements made herein are punishable as a Class 'A' misdemeanor pursuant to section 210.45 of the Penal Law".

By way of omnibus motion the defendant moved to dismiss the indictment on the ground that the evidence before the Grand Jury was legally insufficient to sustain the crime charged. The Supreme Court denied the motion. Thereafter, the defendant *pro se* moved to dismiss the indictment contending that the report constituted inadmissible hearsay because it was not certified in accord with CPL 190.30 (1) and, as such, the evidence presented to the Grand Jury was legally insufficient on the issue of operability. The Supreme Court, treating the defendant's motion as one for reargument, granted reargument, and dismissed the indictment with leave to re-present to another Grand Jury. We reverse.

CPL 190.65 (1) provides that an indictment must be supported by legally sufficient evidence to establish that the defendant committed the crime charged. The Criminal Procedure Law defines "legally sufficient evidence" as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). With reference to what constitutes competent evidence, CPL 190.30 (1) provides as follows: "[e]xcept as

otherwise provided in this section, the provisions of article sixty, governing rules of evidence and related matters with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings". Notably, paragraph 2 of CPL 190.30 does "provide otherwise," supplying a specific exception to the general rule against the admission of hearsay evidence. CPL 190.30 (2) provides, in relevant part, as follows: "[a] report or a copy of a report made by a public servant or by a person employed by a public servant * * * who is a * * * firearms identification expert * * * concerning the results of an examination, comparison or test *performed by him* in connection with a case which is the subject of a grand jury proceeding, may, when certified by such person as a report *made by him* or as a true copy thereof, be received in such grand jury proceeding as evidence of the facts stated therein" (emphasis added).

Given the clear proviso of CPL 190.30 (2), in order to qualify for this statutory hearsay exception within the context of Grand Jury proceedings, it must be evident that (1) the person certifying the report was the same person who had conducted the testing, and (2) the report had been made by the same person who certified the report. Indeed, as written, CPL 190.30 (2) requires that the individual certifying the report be the same individual who both conducted the testing and made the report.

The report before us clearly indicates that Police Officer Ramirez both tested the operability of the subject firearm and signed the certification located at the bottom of the report. As such, the first requirement for admissibility pursuant to CPL 190.30 (2) is satisfied. In addition, it is clear that the report was made by Police Officer Ramirez. Although the report does not specifically state that Police Officer Ramirez made the report, one may logically infer that he made the report based upon the fact that he both tested the firearm and signed the certification at the bottom of the report. Indeed, the signature of Police Officer Ramirez is the only one that appears anywhere on the report.

Since the subject report meets the requirements for admissibility set forth in CPL 190.30 (2), it constituted competent evidence establishing the operability of the subject firearm. Accordingly, the Supreme Court erred in granting the defendant's motion to dismiss the indictment *(see, People v Washington,* 228 AD2d 23 [decided herewith]). Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.