The People of the State of New York, Appellant,
against
Tommey Vargas, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Armando Montano, J.), dated May 4, 2016, which granted those branches of defendant's motion to dismiss the counts in the accusatory instrument charging defendant with petit larceny and criminal possession of stolen property in the fifth degree.




Per Curiam.
Order (Armando Montano, J.), dated May 4, 2016, reversed, on the law, motion denied, the charges of petit larceny and criminal possession of stolen property in the fifth degree reinstated, and matter remanded to Criminal Court for further proceedings.
Defendant was charged with various crimes based upon allegations that he was observed "extracting mail" from a U.S. Post Office mailbox using a "homemade device with a sticky substance on one end." The accusatory instrument, sworn to by the arresting officer, contained a (hearsay) statement attributed to Postal Inspector "Andre Esanna" indicating that the latter is the custodian of the subject mailbox and that defendant did not have permission or authority to remove any item of mail contained therein. On April 29, 2013, the People filed a statement of readiness along with a supporting deposition of Postal Inspector Esanna, wherein he states that "the facts stated in that complaint to be on information furnished by me are true upon my personal knowledge."
Defendant's motion to dismiss the accusatory instrument on facial sufficiency and speedy trial grounds should have been denied in its entirety. The People's April 29, 2013 statement of readiness filed along with the supporting deposition of Postal Inspector Esanna effectively stopped the "speedy trial" clock, inasmuch as the counts of the accusatory instrument pertaining to the charges of petit larceny and fifth-degree criminal possession of stolen property were "deemed" converted to an information on that date (CPL 170.65[1]). Contrary to the conclusion reached below, the typographical error in the spelling of the name of deponent did not constitute a defect which is jurisdictional (see generally Matter of Kenneth K., 218 AD2d 534 [1995]; General Construction Law § 46).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 31, 2017