OPINION OF THE COURT
 

 Levine, J.
 

 A juvenile delinquency petition was filed against respondent in Family Court, Bronx County, charging him with criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and the unlawful possession of a weapon by a person under 16 years of age. A supporting deposition was attached to the petition, sworn to by Police Officer John Lowe, stating that he had observed respondent in possession of a .22 caliber gun, which upon inspection proved to be loaded. Officer Lowe’s deposition contained no allegations regarding the operability of the weapon. Also affixed to the petition was a copy of a police laboratory analysis report, setting forth the results of a ballistics examination of the weapon and stating that the "gun and ammo tested are operable”. The report did not contain the signature of any person expressly identified as the tester of
 
 *506
 
 the weapon. However, it was signed by a Detective Robert Cotter, identified as a "chemist/technician” in the police laboratory,
 
 below
 
 a certification which stated:
 

 "I hereby certify that the foregoing report is a true and full copy of the original report. False statements made herein are punishable as a Class 'A’ misdemeanor pursuant to section 210.45 of the Penal Law.”
 

 Respondent moved to dismiss the petition as jurisdictionally defective due to the absence of nonhearsay allegations establishing every element of the crimes charged, specifically the operability of the gun. Family Court denied the motion, having elicited from the presentment agency a representation that Detective Cotter was in fact the person who prepared the original ballistics report. Respondent ultimately entered an admission to conduct constituting criminal possession of a weapon in the third degree and a final order of disposition was entered.
 

 Respondent appealed and the Appellate Division reversed and dismissed the petition, with one Justice dissenting (194 AD2d 342). The Court held that the petition and its supporting documents were facially deficient because they lacked a nonhearsay allegation that the weapon was operable. The Appellate Division granted the presentment agency leave to appeal to this Court and we now affirm.
 

 A juvenile delinquency petition is "the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding”
 
 (Matter of Detrece H.,
 
 78 NY2d 107, 110) and we have cautioned that a careful assessment of the petition "is particularly acute at the outset of a juvenile delinquency proceeding, where there is no independent Grand Jury-like body to review the evidence and the petition is often the sole 'instrument upon which the [accused] is prosecuted’ ”
 
 (Matter of Edward B.,
 
 80 NY2d 458, 464-465 [quoting
 
 People v Alejandro,
 
 70 NY2d 133, 137]).
 

 Family Court Act § 311.1 sets forth the definition and required contents of a petition, and provides in part that it must include "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent’s commission thereof’ (Family Ct Act § 311.1 [3] [h]). Family Court Act § 311.2 addresses the suffi
 
 *507
 
 ciency of the petition and provides in pertinent part that it is facially sufficient when,
 
 inter alla,
 
 "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof’ (Family Ct Act § 311.2 [3]). A petition which does not substantially conform to the requirements of sections 311.1 and 311.2 is defective and subject to dismissal (Family Ct Act § 315.1 [1] [a]; [2]).
 

 In
 
 Matter of Jahron S.
 
 (79 NY2d 632), we construed the foregoing provisions as requiring that the petition and supporting depositions, to be legally sufficient, must contain non-hearsay allegations establishing a prima facie case of delinquency
 
 (id.,
 
 at 639). Thus, while the sufficiency of the petition is to be assessed by the factual allegations contained in the petition as well as any supporting documents that may be attached
 
 (id.,
 
 at 638), the omission of nonhearsay allegations concerning any element of the offenses charged renders the petition legally insufficient and constitutes a nonwaivable jurisdictional defect
 
 (see, Matter of Detrece H.,
 
 78 NY2d 107, 109,
 
 supra; Matter of David T.,
 
 75 NY2d 927, 929).
 

 We agree with the majority at the Appellate Division that the petition and its supporting documents in the instant case were jurisdictionally defective on their face insofar as they failed to contain a nonhearsay allegation of the weapon’s operability.
 
 [1]
 
 The deposition of Officer Lowe is silent regarding this element. The annexed ballistics report, although attesting to the gun’s operability, purports only to be a copy of the original report, and gives no indication that it was signed by the person who tested the gun and prepared that original report. Although the signature of Detective Cotter appears on the report, he only certified that the report is an accurate copy of the original report, and did not actually attest to any personal knowledge of the gun’s operability. However likely it may be, as the presentment agency argues, that Detective Cotter was the technician who tested the gun and prepared the original report, the fact remains that the nonhearsay nature of the annexed report is not clear on its face. Because the test of the sufficiency of the petition is a facial one (Family Ct Act § 311.2;
 
 Matter of Jahron S., supra),
 
 any reliance by the presentment agency on its oral representation to Family
 
 *508
 
 Court that Detective Cotter prepared the original report is misplaced.
 
 [2]
 

 We further reject the presentment agency’s alternative contention that the asserted defect in the petition did not mandate dismissal but could have been properly cured by amendment. Although Family Court Act § 311.5 permits certain amendments to the petition before or during the fact-finding hearing, subdivision (2) (b) of that provision bars amendment for the purpose of curing "legal insufficiency of the factual allegations”. In
 
 Matter of Detrece H.
 
 (78 NY2d 107,
 
 supra),
 
 we held that the plain language of section 311.5 (2) (b) extended to a petition’s legal insufficiency for failure to contain allegations in the requisite nonhearsay form, and thus amendment to remedy such a defect was precluded by the statute
 
 (id.,
 
 at 110). The presentment agency’s reliance on
 
 Matter of Edward B.
 
 (80 NY2d 458,
 
 supra)
 
 in an attempt to characterize the deficiency here as a latent one is unpersuasive. In
 
 Matter of Edward B.,
 
 we held that dismissal of a juvenile delinquency petition is not mandatory when a deficiency in the petition is not facially apparent but only is revealed during the course of the Family Court proceedings. Unlike the defect at issue in
 
 Matter of Edward B.,
 
 however, the deficiency in the instant case is apparent from the face of the document, and therefore
 
 Matter of Detrece H.
 
 is controlling and dismissal of the petition was warranted.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed, without costs.
 

 [1]
 

 . The presentment agency does not dispute on this appeal that operability is an element of a weapon possession charge
 
 (see, People v Covines,
 
 70 NY2d 882, 883).
 

 [2]
 

 .
 
 The presentment agency’s alternative contention that the ballistics report qualified under the business record exception to the hearsay rule is without merit, as the foundational requirements for the applicability of that exception are not apparent on the face of the document
 
 (see,
 
 CPLR 4518). We need not decide on this appeal whether a report setting forth the proper foundation under CPLR 4518 would suffice to establish the requisite non-hearsay allegations.