■ In the Matter of SHARIFF R., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 304] —In a juvenile delinquency proceeding pursuant to Family Court Act article

3, the appeal is from an order of disposition of the Family Court, Kings County (Yancey, J.) dated August 20, 1993, which, upon a fact-finding order of the same court dated April 15, 1993, pursuant to appellant's admission, that he committed an act that, if done by an adult, would constitute the crime of criminal possession of weapon in the third degree, adjudged him to be a juvenile delinquent and placed with the Division for Youth for a period of 15 months. The appeal brings up for review the denial, after a hearing, of the appellant's motion to suppress physical evidence.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the appellant's record is sealed pursuant to Family Court Act § 375.1.

We find no merit to the appellant's contention that his motion to suppress the weapon found in his possession should have been granted. Under the circumstances, the arresting officer had reasonable suspicion to believe that the appellant was armed (see, People v De Bour, 40 NY2d 210, 223; Matter of Frankie M., 200 AD2d 479).

As the presenting agency correctly concedes, however, the petition, along with its supporting deposition, failed to allege sufficient nonhearsay facts, which, if true, would establish every element of the commission of an act which, if done by an adult, would constitute the crime of criminal possession of a weapon in the third degree and the appellant's commission thereof (see, Penal Law § 265.02 [4]; Matter of Rodney J., 83 NY2d 503; Family Ct Act § 311.2 [3]). Accordingly, the petition is jurisdictionally defective and must be dismissed (see, Family Ct Act § 311.2 [3]; Matter of Rodney J., supra; Matter of Jahron S., 79 NY2d 632). Any application to unseal the records at the instant proceeding for purposes of bringing a new petition should be referred to the Family Court. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.