*82 OPINION OF THE COURT
Edgar G. Walker, J.
These cases have been joined for decision since they both raise the identical issue. Both defendants are charged with criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01 (2). In each case the People filed a copy of a police laboratory analysis report, attesting to the gun’s operability. These reports state that "the gun and ammo tested by the undersigned are operable.” The following statement appears at the bottom of the copy of the ballistics reports filed with the court, followed by the signature of Detective O’Shea in the case of Wheeler and Police Officer Ramirez in the case of Ocana: "I hereby certify that the foregoing report is a true and full copy of the original report. False statements made herein are punishable as a Class 'A’ misdemeanor pursuant to section 210.45 of the Penal Law.”
The defendants challenge the facial sufficiency of the accusatory instruments under CPL 100.40 (1), arguing that they do not comply with the requirements of Matter of Rodney J. (83 NY2d 503). The People argue that since the body of the reports contain the phrase "by the undersigned,” they comply with the requirements of Rodney J.
In Rodney J. (supra), the Court of Appeals found that "[t]he annexed ballistics report, although attesting to the gun’s operability, purports only to be a copy of the original report, and gives no indication that it was signed by the person who tested the gun and prepared that original report.” (83 NY2d, at 507.)
As in Rodney J. (supra), the reports filed in these cases purport only to be copies of the original reports. Although the ballistics reports do contain a statement that the gun was tested by the undersigned, there is still nothing to indicate that the officers who signed the certification are in fact the ones who performed the tests or that the original reports are signed by anybody at all. Therefore, these reports present the same problem as that presented in Rodney J. Although the signature of a police officer appears in each report, "he only certified that the report is an accurate copy of the original report, and did not actually attest to any personal knowledge of the gun’s operability.” (83 NY2d, at 507.) As the Court went on to state: "However likely it may be * * * that [the police officer] was the technician who tested the gun and prepared the original report, the fact remains that the nonhearsay *83 nature of the annexed report is not clear on its face.” (83 NY2d, at 507.)
In order to have met the requirements of Rodney J. (supra), the certification itself would have had to state, in substance: "I hereby certify that I tested the gun and ammunition and that the foregoing report is a true and full copy of the original report prepared by me. ”
In the absence of such certification or any other indication as to who prepared the original report, the accusatory instrument does not meet the requirements for an information set forth in CPL 100.40 (1). The complaint and the ballistics report in each case, taken together, do not contain sufficient nonhearsay allegations to support the element of operability.