■ In the Matter of TALISHA G., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 643] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Cozier, J.), dated March 13, 1991, which, upon a fact-finding order of the same court, dated January 16, 1991, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree and that she had committed unlawful possession of weapons by persons under 16, adjudged her to be a juvenile delinquent and placed her on probation for a period of six months.

Ordered that the order of disposition is reversed, on the law, and the petition is dismissed, without costs or disbursements.

Family Court Act § 311.1 provides, in pertinent part, that a petition must include "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof" (Family Ct Act § 311.1 [3] [h]). A petition is facially sufficient when, *inter alia,* "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). "A petition which does not substantially conform to the requirements of sections 311.1 and 311.2 is defective and subject to dismissal (Family Ct Act § 315.1 [1] [a]; [2])" *(Matter of Rodney J.,* 83 NY2d 503, 507).

The petition and the supporting documents in this case are jurisdictionally defective on their face because they do not contain a nonhearsay allegation regarding the operability of the weapon, and the supporting deposition of the arresting officer is silent regarding this element of the crimes charged *(see, Matter of Rodney J., supra).* Accordingly, the order of the Family Court is reversed, and the petition is dismissed. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.