■ In the Matter of Taihem F., a Person Alleged to be a Juvenile Delinquent, Appellant. In the Matter of Glen M., a

---

Person Alleged to be a Juvenile Delinquent, Appellant. [635 NYS2d 613] —Order of the Family Court, New York County (Leah Marks, J.), entered on March 8, 1993, which adjudicated respondent Taihem F. a juvenile delinquent upon his plea of guilty to acts which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the fifth degree, and placed him on probation for a period of two years, is unanimously reversed, on the law, and the petition dismissed, without costs or disbursements.

Order of the Family Court, New York County (Leah Marks, J.), entered on February 26, 1992, which adjudicated respondent Glen M. a juvenile delinquent upon a finding that he had committed acts which, if done by an adult, would constitute the crimes of criminal sale of a controlled substance in the third and fifth degrees and placed him on probation for a period of 18 months, is unanimously reversed, on the law, and the petition dismissed, without costs or disbursements.

Respondents-appellants herein assert that the laboratory reports that were annexed to their petitions did not contain sufficient non-hearsay allegations that the substance recovered by the police was cocaine, thereby rendering jurisdictionally defective on their faces the accusatory instruments against them. In both instances, the presentment agency concedes that this is true. Nonetheless, the agency maintains that the holding in *Matter of Wesley M.* (83 NY2d 898) and *Matter of Rodney J.* (83 NY2d 503) should not be retroactively applied, arguing that these decisions by the Court of Appeals represent a significant departure from prior legal authority so as to constitute a "new rule" (*see, People v Mitchell,* 80 NY2d 519).

The Court of Appeals did not create a new rule of law in *Matter of Wesley M. (supra)* and *Matter of Rodney J. (supra; see, People v Favor,* 82 NY2d 254, 262-263). As the Court observed in *People v Favor,* "a judicial holding overruling established precedent should, in most instances, be considered a 'new' rule" (*supra,* at 263). However: " '[a] judicial decision construing the words of a statute [for the first time] does not constitute the creation of a new legal principle' (*Gurnee v Aetna Life & Cas. Co.,* [55 NY2d 184,] at 192). Further, retroactivity should not be in question when a court's ruling merely applies previously established principles in a new factual setting or settles a question in a manner that was clearly foreshadowed (*see, Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 192, *supra; see also, Yates v Aiken,* 484 US 211; *cf., Gager v White,* [53 NY2d 475]; *see also, Chevron Oil Co. v Huson,* [404 US 97,] at 106)." (*Supra,* at 263.)

The decisions by the Court of Appeals in *Matter of Wesley M. (supra)*, and *Matter of Rodney J. (supra)*, were "clearly foreshadowed" in *Matter of David T.* (75 NY2d 927), wherein the decision in *People v Alejandro* (70 NY2d 133 [a criminal court information is jurisdictionally defective when it does not contain non-hearsay allegations establishing each element of the crime charged that is sufficient to establish a *prima facie* case]) was made applicable to juvenile delinquency proceedings, and in *Matter of Detrece H.* (78 NY2d 107), in which the Court determined that a juvenile delinquency petition is both legally insufficient and jurisdictionally defective in the absence of non-hearsay allegations of every element of each crime charged and respondent's commission thereof. Then, first in *Matter of Jahron S.* (79 NY2d 632 [where it is an element of the crime that a person possesses a controlled substance, it is necessary for a juvenile delinquency petition to have non-hearsay allegations that the substance in question is, in fact, what it purports to be]), and later in *Matter of Wesley M. (supra)* and *Matter of Rodney J. (supra)*, the Court of Appeals simply elucidated its earlier interpretation of the relevant law. Accordingly, *Matter of Wesley M. (supra)*, and *Matter of Rodney J. (supra)* cannot be considered to have overruled established precedent or to have created a " 'sharp break in the continuity of law' " (*People v Favor, supra*, at 263) so as to preclude their retroactive application. Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.