■ In the Matter of MIGUEL R., a Person Alleged to be a Juvenile Delinquent, Appellant. In the Matter of DANNY T., a Person Alleged to be a Juvenile Delinquent, Appellant. In the Matter of NESTOR C., a Person Alleged to be a Juvenile Delinquent, Appellant. In the Matter of LASHAWN J., a Person Alleged to be a Juvenile Delinquent, Appellant. [642 NYS2d 879] —Order of the Family Court, New York County (George Jurow, J.), entered August 30, 1993, adjudicating respondent Miguel R. a juvenile delinquent and placing him on probation for one year upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute criminal possession of a weapon in the second degree, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed.

Order of the Family Court, New York County (Sheldon Rand, J.), entered August 14, 1992, adjudicating respondent Danny T. a juvenile delinquent and placing him with the New York State Division for Youth Title II for 18 months upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute criminal possession of a controlled substance in the fifth degree, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed.

Order of the Family Court, New York County (Edward Kaufman, J.), entered September 17, 1992, adjudicating respondent Nestor C. a juvenile delinquent and placing him on probation for 18 months upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute criminal possession of a controlled substance in the fifth degree, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed.

Order of the Family Court, New York County (Judith Sheindlin, J.), entered June 18, 1991, adjudicating respondent Lashawn J. a juvenile delinquent and placing him on probation for one year upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute criminal possession of a controlled substance in the fifth degree, and order, same court and Judge entered June 22, 1992, which placed him with the New York State Division for Youth Title II for 18 months upon a fact-finding determination that he violated probation, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed.

Each of the petitions in these four juvenile delinquency proceedings involving a charge of either criminal possession of a controlled substance in the fifth degree or criminal possession of a weapon in the second degree is fatally defective because the forensic report, i.e., the ballistics report or the chemist's report, contained only a certification that the annexed report was a true and full copy of the original. Lacking in each case is any indication that the person certifying the accuracy of the report is the one who conducted the tests recited therein and prepared the original report. Thus, the reports are not based on non-hearsay allegations with respect to the element of the crime to which they are addressed and the petitions are jurisdictionally defective. (*Matter of Wesley M.*, 83 NY2d 898; *Matter of Rodney J.*, 83 NY2d 503.) For that reason, it is of no consequence that the defect was not raised at the trial level. Nor is it of any consequence that the dispositional orders were entered prior to the date *Rodney J.* was decided. *Rodney J.* did not create a new rule of law and therefore should be retroactively applied. (*Matter of Taihem F.*, 222 AD2d 322.)

The unpublished Decision and Order of this Court entered herein on April 2, 1996 is hereby recalled and vacated. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.