■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR LOPEZ, Respondent. [653 NYS2d 130] —Appeal by the People from an order of the Supreme Court, Queens County (Berke, J.), dated November 9, 1994, which, upon renewal, granted those branches of the defendant's omnibus motion which were to dismiss counts one and two of the indictment, charging the defendant with criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, respectively, upon the ground that the evidence presented to the Grand Jury was legally insufficient.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to dismiss counts one and two of the indictment, charging the defendant with criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, respectively, upon the ground that the evidence presented to the Grand Jury was legally insufficient are denied, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

After the defendant's omnibus motion was denied insofar as it sought to dismiss the indictment, the defendant moved to "renew" the branches of the motion which were to dismiss

counts one and two of the indictment, asserting for the first time that the evidence presented to the Grand Jury was legally insufficient to establish the illegal nature of the substance he allegedly possessed and sold. The defendant asserted that the Police Laboratory Controlled Substance Analysis Reports relied upon by the People did not meet the admissibility standards of CPL 190.30 (2). Here, the defendant's challenge to the admissibility of the Police Laboratory Controlled Substance Analysis Reports was, however, asserted for the first time in his "renewal" motion, and is subject to the interdiction that a motion to renew or reargue does not afford an unsuccessful party with an opportunity to advance arguments different from those proffered in the original application (see, Foley v Roche, 68 AD2d 558, 567).

In addition, the defendant's "renewal" motion was untimely pursuant to CPL 255.20 (1) because it was made more than 45 days after his arraignment. The defendant has not shown that the grounds for the "renewal" motion could not, with due diligence, have been asserted in his initial omnibus motion (see, CPL 255.20 [3]; People v Killings, 191 AD2d 586). Moreover, the record does not indicate that the defendant had good cause for not timely challenging the admissibility of the lab reports (see, CPL 255.20 [3]).

Contrary to the viewpoint expressed by our dissenting colleague, the Court of Appeals decisions in Matter of Rodney J. (83 NY2d 503), and Matter of Wesley M. (83 NY2d 898) did not constitute "new law" within the context of this case (or the other cases we decide today involving the legal sufficiency of evidence presented to the Grand Jury in the form of Police Laboratory Analysis Reports) such as would warrant granting the subject renewal/reargument motions. Indeed, insofar as the defendants Brian Williams (see, People v Williams, 235 AD2d 511 [decided herewith]), Tony Ellis (see, People v Ellis, 235 AD2d 489 [decided herewith]), and Earnest Cooke (see, People v Cooke, 235 AD2d 488 [decided herewith]) are concerned, the decision in Matter of Rodney J. (supra) actually pre-dated the initial omnibus motions filed by those defendants, who failed initially to challenge the admissibility of the lab reports pursuant to CPL 190.30 (2). More importantly, however, we do not agree that Matter of Rodney J. (supra) and Matter of Wesley M. (supra) effectively "clarified the standard to be applied herein". As we have noted, the adjudication of the appeals at issue turns upon the construction to be given the language of CPL 190.30 (2). We stress that CPL 190.30 (2), which does not apply in juvenile delinquency proceedings, was not at issue in either

*Matter of Rodney J. (supra)* or *Matter of Wesley M. (supra)* and, consequently, was not even mentioned in either case. As such, those two cases did not in any way deal with the judicial construction of the language of CPL 190.30 (2) and are not controlling in the appeals before us. The practice commentary upon which our dissenting colleague relies (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:8, at 185), correctly points out that a motion to reargue (even though the defendant has denominated the motion as one to renew) may be premised on the court's opportunity to recall a decision based on "new law". We are not, however, dealing with "new law", but with the defendant having belatedly discovered two cases that he thought to be in point, and which served as a catalyst for his motion.

In any event, were we to reach the merits of the defendant's claim, we would reverse for reasons stated in *People v Washington* (228 AD2d 23 [decided herewith]). Rosenblatt, J. P., Pizzuto and Goldstein, JJ., concur.

Friedmann, J., dissents and votes to affirm, with the following memorandum: I respectfully dissent. After the defendant's initial omnibus motion to dismiss the indictment for legal insufficiency was denied, the Court of Appeals decided *Matter of Rodney J.* (83 NY2d 503) and *Matter of Wesley M.* (83 NY2d 898). Construing Family Court Act § 311.2 (3), the Court ruled in *Matter of Rodney J.* that a police report attesting to the operability of a gun but not clearly signed by the person who had tested the gun and drafted the original report was inadequate to support a juvenile delinquency petition, because the "nonhearsay nature of the * * * report is not clear on its face" *(Matter of Rodney J., supra,* at 507). Similarly, the Court held in *Matter of Wesley M.* that a report which failed to indicate that it was signed by the person who had tested the illegal drugs and prepared the original report was incompetent to support a juvenile delinquency petition, because it failed to qualify as "nonhearsay" as contemplated by the statute.

At issue here is CPL 190.30 (2), which provides that "[a] report or a copy of a report made by a public servant or by a person employed by a public servant or agency who is a physicist, chemist, coroner or medical examiner, firearms identification expert, examiner of questioned documents, fingerprint technician, or an expert or technician in some comparable scientific or professional field, concerning the results of an examination, comparison or test performed by him in connection with a case which is the subject of a grand jury proceeding, may, when certified by such person as a report made by him or

as a true copy thereof, be received in such grand jury proceeding as evidence of the facts stated therein."

On its face, this statute requires that to be competent evidence, any "report" presented to the Grand Jury purporting to represent the results of scientific testing must be certified by the scientist who did the testing *(see also,* CPL 190.30 [1]; 100.20, 100.30). It should be recalled that the *purpose* of CPL 190.30 (2), like that of Family Court Act § 311.2 (3), is to substitute a verified written report for the sworn oral testimony of the expert who actually tested the evidence upon which the charges against the accused rest *(see, e.g.,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.30, at 243; *Matter of Neftali D.,* 85 NY2d 631).

CPL 190.30 (1) requires that "[e]xcept as otherwise provided * * * the provisions of article sixty, governing rules of evidence * * * with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings." Hearsay, of course, is not countenanced in "criminal proceedings in general"; and CPL 190.30 (2) expressly declares that "hearsay" is not "appropriate" in the presentation of scientific evidence to the Grand Jury. While a defect in the evidence before a Grand Jury is not jurisdictional and can be waived by a defendant if not raised before the completion of trial *(People v Alejandro,* 70 NY2d 133; CPL 210.30 [6]), this contrast with juvenile delinquency petitions does not *require* an adult defendant to waive his right to challenge the sufficiency of the evidence supporting an indictment against him prior to trial; nor does it lessen the power of the trial court to dismiss an indictment that it finds to be supported by only incompetent hearsay evidence.

Whether denominated a motion to "renew" or to "reargue", the defendant's second motion at bar was in fact the latter, and the court had the discretion to treat it as such. Moreover, because the Court of Appeals had clarified in *Matter of Rodney J.* and *Matter of Wesley M.* that the standards to be applied to scientific reports supporting accusatory instruments were more rigorous than had previously been assumed, the trial court did not err in entertaining the defendant's application to "reargue" his earlier motion to dismiss the indictment. One of the legitimate purposes of "reargument" is to "enable the judge who decided a nonfinal order in [a pending] action to recall it based on new law" (Siegel, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, C2221:8, at 185).

Accordingly, and for reasons stated in my dissent in *People v Washington* (228 AD2d 23 [decided herewith]), I would affirm the order appealed from, dismissing the indictment.