■ In the Matter of FRANCISCO C., a Person Alleged to be a Juvenile Delinquent, Appellant. [657 NYS2d 16] —Order of the

Family Court, New York County (Mary Bednar, J.), entered August 30, 1993, adjudicating appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute criminal possession of a weapon in the third degree, and placing him on probation for one year, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed.

A delinquency petition was filed against appellant on February 6, 1992, alleging that he committed acts which, if committed by an adult, would constitute one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and three counts of criminal possession of a weapon in the fourth degree. The first five counts arose from appellant's possession of a .32 caliber handgun; the sixth count arose from his possession of the type of a razor which may be used as a box cutter.

The supporting deposition attached to the petition included a statement by a Special Patrol Officer Burgos that he observed appellant in possession of a loaded and operable handgun and a .32 caliber bullet, and that appellant had stated to Burgos that he carried the gun for self protection since "they were going to jump him." Burgos also alleged that he saw appellant in possession of a silver razor/box cutter; no statement by appellant was alleged in connection with the razor.

On May 8, 1992, appellant pleaded guilty to criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) in full satisfaction of the petition.

A conviction for criminal possession of a weapon arising out of the possession of a loaded firearm requires proof that the gun as well as the ammunition are operable (People v Aguilar, 202 AD2d 512, lv denied 83 NY2d 908). It is well established that in a juvenile delinquency proceeding, the petition and supporting depositions, to be legally sufficient, must contain non-hearsay allegations establishing each element of each offense; any omission thereof renders the petition legally insufficient and constitutes a non-waivable jurisdictional defect.

In the case at bar, the ballistics report, although attesting to the gun's operability, purports only to be a copy of the original report, and includes no indication that it was signed by the person who tested the gun and prepared the original report. Therefore, it does not establish the affiant's personal knowledge of the gun's operability (Matter of Rodney J., 83 NY2d 503; Matter of Miguel R., 227 AD2d 263, lv denied 88 NY2d 806), thereby rendering it hearsay evidence. Moreover, no proof establishing the operability of the ammunition was attached to the petition.

The petition is facially defective and must be dismissed (*supra; cf., Matter of Edward B.*, 80 NY2d 458). The fact that the claim was not raised at the trial level (*Matter of Miguel R., supra*), or that the disposition occurred prior to the ruling in *Rodney J. (supra; Matter of Miguel R., supra; Matter of Taihem F.*, 222 AD2d 322, *lv denied* 88 NY2d 806) does not permit a different result. Although it is alleged that a subsequent ballistics report was attached to supplement the first ballistics report, it is not included in the record so that we cannot evaluate its completeness. In any event, the attempt to amend the petition by subsequently attaching a supplemental ballistics report cannot cure legal insufficiency of the petition (*Matter of Detrece H.*, 78 NY2d 107). The presentment agency's only recourse for such major deficiencies would be to file a new petition (*supra*).

Finally, the petition was defective in that no allegations were made concerning appellant's intended unlawful use of the razor, an element of the provision under which he was charged (Penal Law § 265.01 [2]). A razor is not defined in the Penal Law to be a deadly weapon (Penal Law § 10.00 [12]), although it may be a dangerous instrument, depending on the manner of its use (Penal Law § 10.00 [13]). Prima facie evidence of an offense under Penal Law § 265.01 (2) requires that the element of possession of a razor be coupled with the element that the possessor intended to use it unlawfully against another (*see, e.g., People ex rel. Pena v New York State Div. of Parole*, 83 AD2d 887). The presumption of unlawful intended use included in Penal Law § 265.15 (4) does not apply to a razor, requiring affirmative allegations of the requisite *mens rea* in the accusatory instrument to be proved at trial. The unadorned allegation of mere possession in the petition in this case fails to set forth a prima facie case in support of this charge, rendering it also legally insufficient.

We have considered the presentment agency's remaining contentions and find no basis to reconsider settled law of this Court.

Motion denied insofar as leave to appeal to the Court of Appeals is sought; and wherein reargument is sought the motion is granted to the extent of recalling and vacating this Court's unpublished decision and order (appeal No. 58618) entered on December 19, 1996, and substituting therefor a new decision and order, decided simultaneously herewith. Concur—Milonas, J. P., Rosenberger, Wallach and Tom, JJ.