■ In the Matter of EVAN U., a Child Alleged to be a Juvenile Delinquent, Appellant. WILLIAM J. BETTER, as Columbia County Attorney, Respondent. [664 NYS2d 189] —Cardona, P. J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered December 13, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On December 18, 1995, Anthony Gabriel was walking down Warren Street in the City of Hudson, Columbia County, accompanied by an acquaintance, Patrick O'Leary. Respondent approached Gabriel and offered to sell him marihuana. Gabriel requested to see the marihuana and, when respondent complied, Gabriel seized it, put it in his pocket without paying for it and walked away. The following evening Gabriel was walking on Second Street with another friend, Omar Fuentes, when an individual named Kevin Miner approached and warned Gabriel that respondent was going to "get" him for taking the marihuana. As Gabriel and Fuentes continued walking, three men approached from behind. Respondent came around to the front of Gabriel and hit him in the face with a baseball bat, knocking him to his knees and then to the ground. Respondent repeatedly struck Gabriel with the bat and the two other perpetrators struck him with a mop handle and another type of stick. When Fuentes sought an explanation for the assault, respondent replied that Gabriel owed him something and fled with the other perpetrators. Gabriel was taken to a local hospital by ambulance where it was determined that he sustained a nasal fracture, a soft tissue laceration of the lining of the nasal septum which went right through his right nostril and extensive bruising and swelling on his face. He was transferred to another hospital for a specialist to suture the laceration.

Respondent was charged in a juvenile delinquency petition with acts, which if committed by an adult, would constitute the crimes of assault in the first degree and criminal possession of a weapon in the fourth degree. Respondent moved to dismiss

the petition as jurisdictionally defective, arguing that it failed to establish both crimes by nonhearsay allegations (*see*, Family Ct Act § 311.2 [3]; Penal Law § 120.10 [1]; § 265.01 [2]). Family Court denied the motion. Following a fact-finding hearing, Family Court found that respondent committed acts which if committed by an adult would constitute the crimes of assault in the second degree, as a lesser included offense, and criminal possession of a weapon in the fourth degree. The court adjudicated respondent a juvenile delinquent and placed him on probation for 12 months. Respondent appeals.

Initially, we note that when construing challenges to the facial sufficiency of a juvenile delinquency petition, the courts apply a stringent test "to assure that there is a valid and documented basis for subjecting the juvenile to prosecution" (*Matter of Neftali D.*, 85 NY2d 631, 636). To this end, a juvenile delinquency petition will be deemed insufficient and subject to dismissal when it fails to contain nonhearsay allegations establishing every element of the crimes charged and the respondent's commission thereof (*see*, Family Ct Act § 311.2 [3]; *Matter of Rodney J.*, 83 NY2d 503, 506-507).

Here, respondent contends that the petition and supporting depositions fail to contain a nonhearsay allegation of "serious physical injury", an essential element of assault in the first degree (*see*, Penal Law § 120.10 [1]). We agree. " 'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). An examination of the petition reveals that it contains only hearsay allegations of serious physical injury. In support of the petition, the presentment agency offered the depositions of Gabriel and Fuentes, unverified hospital discharge instructions and unverified police reports with three attached photographs. The Gabriel deposition does not state that he sustained any physical injury. The Fuentes deposition states only that he observed Gabriel bleeding. The discharge instructions were unsworn and bore no certification as hospital records (*see*, CPLR 4518 [c]; 2306). The police reports annexed to the petition were similarly legally insufficient (*see*, *Matter of Neftali D.*, *supra* [unsworn police report]; *Matter of Rodney J.*, *supra* [unverified ballistics report]).

In reference to the photographs, even assuming that they were properly authenticated, they show only that Gabriel sustained physical injuries and not the requisite "serious physical injury". Since neither the petition nor any of the support-

ing depositions contained nonhearsay allegations sufficient to establish the serious physical injury element, the charge was facially deficient and should have been dismissed as Family Court lacked a jurisdictional predicate to entertain it (*see, Matter of Neftali D.*, *supra*, at 634).

Respondent also contends that the charge of criminal possession of a weapon in the fourth degree was facially deficient for failing to establish by nonhearsay allegations that the alleged crime occurred "on or near Union Street in the City of Hudson". We disagree. Where, as here, the place or location of the alleged act is not an essential element of the particular crime, i.e., criminal possession of a weapon in the fourth degree (*see,* Penal Law § 265.01 [2]), the count charging it is facially sufficient if it states "that the crime charged was committed in a designated county" (Family Ct Act § 311.1 [3] [f]). Here, count 2 charging criminal possession of a weapon in the fourth degree stated that it occurred in Columbia County. Additionally, we note that petitioner served a bill of particulars which stated that the crimes occurred at the "Corner of Second Street and Warren Street", a location which provided respondent with sufficient notice to prepare a defense.

Furthermore, viewing the evidence of the fact-finding hearing in the light most favorable to the presentment agency (*see, People v Contes*, 60 NY2d 620, 621), we find, contrary to respondent's claim, that it was legally sufficient to establish his commission of criminal possession of a weapon in the fourth degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495).

Next, respondent argues that petitioner's failure to disclose evidence that Gabriel took steps to commence a civil action against respondent and was on probation from a prior Family Court adjudication, as well as evidence that Fuentes had a prior conviction for marihuana possession, constituted *Brady* violations (*see, Brady v Maryland*, 373 US 83). Although a prosecutor has a duty to turn over "favorable evidence in [its] possession which is material to either guilt or punishment" (*People v Bryce*, 88 NY2d 124, 128) or "affect[s] the credibility of prosecution witnesses" (*People v Baxley*, 84 NY2d 208, 213; *see, People v Novoa*, 70 NY2d 490, 496), where a respondent has knowledge of the favorable evidence it is not deemed *Brady* material subject to disclosure (*see, People v Buxton*, 189 AD2d 996, 997, *lv denied* 81 NY2d 1011). Here, the record established that defense counsel impeached Gabriel and Fuentes by cross-

examination which revealed Gabriel's plan to commence a civil action and Fuentes's conviction for possession of marihuana, demonstrating respondent's knowledge of those items of favorable evidence. Thus, there was no *Brady* violation with respect to that evidence.

On the other hand, respondent displayed no knowledge of Gabriel's Columbia County probation record. Because that information was relevant to Gabriel's credibility, it constituted *Brady* material subject to disclosure. Significantly, respondent made a specific request for the "criminal records, including * * * Family Court adjudications of the prospective agency witnesses". Noncompliance with respondent's specific *Brady* request requires reversal "if there is a reasonable possibility that had the evidence been disclosed, the result would have been different" (*People v Stevens*, 216 AD2d 676, 678, *lv denied* 87 NY2d 908; *see, People v Vilardi*, 76 NY2d 67, 77). Here, Gabriel was unable to recall the particulars of the assault. His testimony was primarily confined to his injuries, which we note were corroborated by medical evidence. Because Gabriel's testimony did not implicate respondent in the commission of the crimes, under the particular circumstances of this case we find that there was no reasonable possibility that disclosure of Gabriel's probation record would have affected the verdict.

We have considered respondent's remaining contentions and find that they lack merit.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as adjudged that respondent committed an act which if done by an adult would constitute the crime of assault in the second degree; count 1 of the petition charging assault in the first degree is dismissed and matter remitted to the Family Court of Columbia County for a new dispositional hearing and order; and, as so modified, affirmed.