■ In the Matter of JOSHUA VV., a Person Alleged to be a Juvenile Delinquent. BROOME COUNTY ATTORNEY'S OFFICE, Respondent; JOSHUA VV., Appellant. [889 NYS2d 754]—

Spain, J.

In January 2008, the instant juvenile delinquency proceeding was commenced charging respondent with committing acts which, if committed by an adult, would constitute the crime of grand larceny in the fourth degree (Penal Law § 155.30 [1]). The petition alleged that, in June 2007 in the Village of Lisle, Broome County, respondent, with the aid and assistance of two other juveniles, stole a 1998 electric golf cart valued at "approximately $2500 to $2700 from Midway Sales." At the conclusion of a fact-finding hearing, Family Court determined that

petitioner had not met its burden of proving each element of grand larceny in the fourth degree beyond a reasonable doubt. However, Family Court determined that petitioner did offer evidence to support the lesser criminal act of petit larceny. After a dispositional hearing, Family Court determined that probation with supervision was the most appropriate course of action under the circumstances. Respondent now appeals.

We find merit in respondent's contention that the petition was facially deficient in that it failed to assert facts supporting every element of the crime charged. Family Ct Act § 311.1 states that a petition must include "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof" (Family Ct Act § 311.1 [3] [h]). Family Ct Act § 311.2 states that a petition is considered facially sufficient when, among other things, "nonhearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]; see Matter of Evan U., 244 AD2d 691, 692 [1997]). A petition that does not substantially conform to the foregoing requirements is defective and subject to dismissal (Family Ct Act § 315.1 [1] [a]; [2]; see Matter of Rodney J., 83 NY2d 503, 507 [1994]). Moreover, the omission of nonhearsay allegations concerning any element of the offenses charged not only renders the petition legally insufficient, but constitutes a nonwaivable jurisdictional defect (see Matter of Markim Q., 7 NY3d 405, 407 [2006]; Matter of Rodney J., 83 NY2d at 507).

Here, the petition apprised respondent of the fact that he was being charged with the crime of grand larceny based upon information and belief, with attached depositions in support of the charge. The depositions included those of his coparticipants, as well as a representative of the business that owns the golf cart and the State Trooper who investigated the incident. The supporting depositions, however, contain absolutely no reference to the value of the golf cart. Thus, absent factual, nonconclusory support for the value of the golf cart, the petition was facially defective and should have been dismissed (see People v Lopez, 79 NY2d 402, 404-405 [1992]; see also Matter of Wesley M., 83 NY2d 898, 899 [1994]; Matter of John B., 261 AD2d 471, 472 [1999], lv dismissed 94 NY2d 797 [1999]). As this deficiency is jurisdictional and nonwaivable, the subsequent proof at trial of some evidence of value could not correct the fatal defect in the petition (see Matter of Neftali D., 85 NY2d 631, 634-637 [1995]; Matter of John B., 261 AD2d at 472).

Cardona, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.