■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN WHITE, Respondent. [963 NYS2d 360]—

Appeals by the People (1) from an order of the Supreme Court, Queens County (Kron, J.), dated January 13, 2012, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence, and (2), as limited by their brief, from so much of an order of the same court dated March 15, 2012, as denied that branch of their motion which was to reopen the suppression hearing and, upon reargument, adhered to the original determination granting that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the appeal from the order dated January 13, 2012, is dismissed, as that order was superseded by so much of the order dated March 15, 2012, as was made upon reargument; and it is further,

Ordered that the order dated March 15, 2012, is affirmed insofar as appealed from.

Contrary to the People's contention, the Supreme Court properly denied that branch of their motion which was to reopen the suppression hearing to introduce certain audio recordings into evidence. Here, the record of the suppression hearing clearly demonstrates that both parties raised arguments solely with respect to the issue of the credibility of a police officer who testified that he personally observed a gun in the defendant's possession at the scene. The Supreme Court resolved that credibility issue in favor of the defendant, and we discern no basis for disturbing that determination based on the record before us. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in refusing to reopen the suppression hearing so that the People could present additional evidence in support of an alternative theory for upholding the legality of the seizure of the gun (*see People v Cordes*, 270 AD2d 430, 430 [2000]; *People v Chetrick*, 255 AD2d 392 [1998]; *People v Lopez*, 235 AD2d 496 [1997]; *Foley v Roche*, 68 AD2d 558, 567 [1979]). Moreover, upon reargument, the Supreme Court properly adhered to its original determination granting that branch of the defendant's omnibus motion which was to suppress the gun. Mastro, J.P., Austin, Cohen and Miller, JJ., concur.