People v Greenidge (2025 NY Slip Op 51546(U))

[*1]

People v Greenidge

2025 NY Slip Op 51546(U) [87 Misc 3d 1212(A)]

Decided on October 1, 2025

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2025
County Court, Tompkins County

People of the
State of New York

against
Jerimiah Greenidge, RASHID MACK and DAQUAN
GRAVES, Defendants.

Ind. No. 70284-24(A), (B), (C)

Tasha Kates, Esq., counsel for Defendant Mack
Hannah
Widercranz, Esq., counsel for Defendant Mack
Aubrey D. Hetznecker, Esq.,
counsel for Defendant Graves 
Jacob P. McNamara, Esq., counsel for Defendant Graves
J.
Justin Woods, Esq., counsel for Defendant Greenidge
Andrew J. Bonavia,
Esq., Tompkins County Deputy District Attorney

Scott A. Miller, J.

Defendant moves pursuant to CPLR § 2221(d) for leave to reargue this Court's
Decision and Order dated August 5, 2025, which denied his motion to dismiss the
indictment for legal insufficiency. For the reasons that follow, the motion for leave is
DENIED.
LEGAL STANDARD
A
motion for leave to reargue "shall be based upon matters of fact or law allegedly [*2]overlooked or misapprehended by the court in determining
the prior motion..." CPLR § 2221(d)(2). Such a motion " . . . does not afford an
unsuccessful party with an opportunity to advance arguments different from those
proffered in the original application [internal citation omitted]." People v. Lopez,
235 AD2d 496, 497 (2nd Dept. 1997).

ANALYSIS
Defendant Mack asserts that the Court "misapprehended" the grand jury record by
referencing coordinated transportation, tactical reconnoitering, immediate regrouping,
and Mack's role as a lookout. Defendant's Motion to Reargue, Affirmation of Counsel
pp. 3-5. But those terms were nothing more than shorthand for rational inferences the
Court found the grand jury could permissibly draw from the sequence of events.
Counsel's semantic quarrel does not identify any overlooked evidence or
misapprehension of fact; it simply disagrees with the Court's inferential framing.
In substance, Defendant Mack challenges the inferences this Court found that could
rationally be drawn from the evidence. As the People correctly note, defendant's counsel
"misunderstands the role of the court at this stage of inquiry and its standard of review."
People's Opp. ¶ 8. In truth, the motion identifies no matter of fact or law that this
Court overlooked. It is nothing more than a quarrel with the inferential reasoning this
Court employed in its prior decision — a disagreement that CPLR § 2221(d)
does not permit. A reargument motion is a narrow procedural mechanism to correct
something the Court missed. Defendant Mack points to no overlooked authority and no
misapprehended fact, but only presses again the very points already considered and
rejected.
The controlling legal standard is well established. As the Court of Appeals has made
clear, the inquiry upon a motion to dismiss for legal insufficiency is "whether the facts, if
proven, and the inferences that logically flow from those facts supply proof of every
element of the charged crimes [internal citation omitted]." People v. Bello, 92
NY2d 523, 526 (1998). The sufficiency of the evidence "is properly determined by
inquiring whether the evidence viewed in the light most favorable to the People, if
unexplained and uncontradicted, would warrant conviction by a petit jury." People v.
Jensen, 86 NY2d 248, 251 (1995), quoting People v. Jennings, 69 NY2d
103, 114 (1986). And critically, "[t]hat other, innocent inferences could possibly be
drawn from the facts is irrelevant on this pleading stage inquiry, as long as the
Grand Jury could rationally have drawn the guilty inference [emphasis added]."
People v. Deegan, 69 NY2d 976, 979 (1987).
This Court is well aware that there may be innocent explanations that could also be
rationally inferred from the grand jury record as to Defendant Mack's conduct. But that is
not the legal sufficiency standard of review. The proper inquiry is whether there exists at
least one rational line of reasoning by which the grand jury could have inferred guilt.
Here, such a line plainly exists: the evidence permitted the inference that Mack knew
Greenidge possessed a firearm, knew Greenidge was going to use it, and, acting with the
mental culpability required for the commission of the offenses, intentionally aided him by
serving as a lookout and remaining positioned to assist, thereby sharing a community of
purpose with his co-defendants within the meaning of Penal Law § 20.00, which
provides that a person is criminally liable for the conduct of another when, "acting with
the mental culpability required for the commission thereof, he [*3]solicits, requests, commands, importunes, or intentionally
aids such person to engage in such conduct." Mack's conduct—traveling with
Greenidge to West Village, concealing himself near the shooting site, remaining
positioned during the gunfire, and fleeing jointly with the shooter—made little
sense unless he was acting in concert with Greenidge.
Defendant also argues that there was no direct video evidence of coordinated
transportation or regrouping. But, as the People correctly emphasize, "[i]nferences by
their very nature are not based on direct evidence of the inference and the standard of
review is not 'video or it didn't happen.'" People's Opp. ¶ 10. The sequence of
events speaks for itself: the defendants departed Quik Shoppe together in the red Subaru;
thirty minutes later, the same Subaru reconnoitered West Village and exited; three
minutes after that, Greenidge approached on foot from the same direction while Mack
was concealed in the bushes; after the shooting, Greenidge and Mack fled together up the
same road the Subaru had taken; and less than an hour later, Graves still driving the
Subaru, arrived with both of them at Arthaus. As the People note, "it is plainly obvious
that the grand jury evidence fairly established (as one inference) that defendants
coordinated transportation to and from the crime scene." People's Opp. ¶ 11.
Nor has defendant identified controlling authority overlooked by this Court. The
First Department's decision in People v. Coke, 238 AD3d 71 (1st Dept. 2025), was cited
by defendant in prior briefing. Even assuming arguendo it merited explicit discussion,
Coke involved post-conviction appellate review under a fundamentally different
standard, and the facts are materially distinguishable. In Coke, although there was
evidence that the defendant was seen with his codefendants earlier in the day and later in
a vehicle after the crime, there was no evidence that he was present at the crime scene
itself. Moreover, as the Coke court noted, " . . . none of the surveillance footage
shows defendant in, entering, or exiting [the suspected getaway vehicle]" prior to the
offense. Id. at 74. By contrast, here the grand jury heard evidence that defendant
Mack's GPS ankle monitor placed him at West Village at the precise moment
co-defendant Greenidge fired multiple shots, and surveillance footage showed Mack
getting in and out of the red Subaru both before and after the shooting. Those facts,
absent in Coke, provided the grand jury with a firm evidentiary basis to rationally
infer Mack's knowing participation in a coordinated plan.
In short, Mack's conduct made little sense unless he was acting as a participant rather
than a bystander. At this stage, the inquiry is not whether a petit jury could acquit on this
record, but rather, whether a grand jury could rationally infer guilt. The grand jury is
entitled to connect the dots; the reviewing court is not permitted to erase them.

 CONCLUSION
Defendant has failed to demonstrate that the Court overlooked or misapprehended
matters of fact or law within the meaning of CPLR § 2221(d). Instead, the motion
advances nothing more than objection to the inferential conclusions the Court previously
drew from the grand jury record — a disagreement that does not warrant
reargument. Because CPLR § 2221(d) does not provide a vehicle for re-litigating
inferences or rehashing arguments already considered and rejected, the motion must be
summarily denied.
Accordingly, defendant's motion for leave to reargue is DENIED in its
entirety. A combined Sandoval/Molineux/Ventimiglia hearing for all three
co-defendants shall be held on Tuesday, October 28, 2025, at 10:30 a.m. The
combined jury trial of all three co-defendants [*4]shall
commence on December 1, 2025, at 9:00 a.m.
This constitutes the Decision of the Court. A notice of appeal, if applicable, must be
filed within thirty (30) days.
Dated: October 01, 2025
Ithaca, New York
Hon. Scott A. Miller
Tompkins County Court Judge